Ricardo **CHAVEZ, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–99–0379–CR.

Court of Appeals of Texas, Amarillo.

Dec. 7, 2000.

Rehearing Overruled Jan. 25, 2001.

L. Van Williamson, Amarillo, for appellant.

Rebecca King, Dist. Atty., John L. Owen, Asst. Dist. Atty., Amarillo, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

Following his plea of not guilty, appellant Ricardo Chavez was convicted by a jury of aggravated assault with a deadly weapon and punishment was assessed at 15 years confinement. Presenting questions of first impression, by fourteen issues and three supplemental issues, appellant contends the trial court erred by refusing to discharge the jury when a juror became ill after the charge had been read during the guilt/innocence phase of the trial and proceeding with only 11 jurors. Based upon the rationale expressed herein, we reverse the judgment of the trial court and remand the cause for a new trial.

Because appellant does not challenge the sufficiency of the evidence, the facts need only be briefly mentioned. Appellant was indicted for aggravated assault of a nightclub bouncer. After the charge was read to the 12–member jury during the guilt/innocence phase, the jury retired to deliberate at approximately 9:40 a.m. According to the record, the trial court was notified at about 10:15 a.m. that the jury had reached a verdict. Moments later, and before the jury returned to the courtroom to render the verdict, the trial court was informed that Juror Hisel had suffered a heart attack in the jury room. Juror Hisel never returned to the courtroom. Instead, after he was taken by ambulance to the hospital, the trial court announced that it would receive the verdict from the remaining 11 jurors. Outside the jury's presence, the following colloquy ensued:

[**Defense counsel**]: I'm going to object to that based on Article 36.29, Section C, it says after the Charge of the Court is read to the jury, if anyone then becomes so sick that it prevents a continuance of his duty or any accident or circumstance occurs to prevent their [sic] being kept together under circumstances under which the law or the instructions of the Court requires that they be kept together, the jury shall be discharged except on agreement on the record by the Defendant, the Defendant's counsel, and an attorney representing the State and eleven members of the jury may render a verdict.

And, furthermore, we requested that the jury assess punishment and we have had eleven jurors for that purpose, so now we're only down to eleven if we receive this verdict and go with this eleven-member jury.

And on that basis, we're—since the Charge had already been read to the jury and the verdict has not been ren-

dered in court, we're objecting to continuing with the eleven members.

**Court:** Counsel, let me review this. I think that we have proceeded before with eleven jurors, but the circumstances of this case raise a different question where the Charge has been read.

And I want to be sure that I understand the import of Article 36 .29, so let me take that under advisement here for a moment and let's retire to chambers.

\* \* \*

[**Defense Counsel**]: I do have one other thing, I would ask to declare a mistrial in this case.

**Court:** Okay. The Court will take that under advisement.

\* \* \*

**Court:** For purposes' of an appellate record, I would like to outline for you the reasoning of the Court.

First of all, as to the Defendant's objection to proceed with eleven jurors, that objection will be overruled.

Secondly, as to the Defendant's Motion for a Mistrial, that motion will be overruled.

The reasoning of the Court is as follows: Article [37.01] recites that a verdict is a written declaration of a jury of its decision. And the Court is informed that the jury has reached its decision, all twelve jurors, and has reduced that to writing in the Charge of the Court.

So the verdict has been entered—or has been made by the jury. All that lacks is the presentation of the verdict to the Court.

Under Article 37.04 of the Texas Code of Criminal Procedure, it recites that when the jury agrees upon a verdict, which they have, it shall be brought into court by the proper officer, which it will be, and it will be read aloud by the Court and then entered upon the minutes of the Court.

That has nothing to do with the rendering of the verdict. The verdict has already been rendered, it's just an administerial duty to enter it upon the minutes of the Court.

So in the opinion of the Court, the verdict, whichever that verdict is, has been rendered by the jury.

Referring back to Article 36.29, Subsection C, we're in a situation where the charge has been read to the jury; however, the jury has already rendered its verdict in the opinion of the Court.

After its explanation, the trial court announced that based on *Campbell v. State*, 644 S.W.2d 154 (Tex.App.—Austin 1982), pet. ref'd, 647 S.W.2d 660 (Tex.Cr.App. 1983), the punishment phase would proceed with 11 jurors in the event a guilty verdict was returned. After the 11–member jury returned to the courtroom, the presiding juror handed the verdict to the bailiff. When the court announced the guilty verdict, defense counsel requested that the jury be polled. The 11 jurors announced their individual guilty verdicts and the court polled the presiding juror about Juror Hisel's individual verdict.

At the conclusion of the presentation of evidence in the punishment phase, and before the court's charge was read, defense counsel reurged his objection to proceeding with only 11 jurors, which was overruled. The trial court explained that in compliance with article [36.29(c) ] providing that each juror sign the verdict when rendered by less than the whole number of the jury, a "Certificate of the Jury" was attached to the court's charge with 11 signature lines. After the charge was read, the jury retired for deliberations and the trial court made the following explanation for the appellate record regarding Juror Hisel:

**Court:** When the Court received notification that Mr. Hisel was ill, some of the general rules of protocol kind of went out the window and I want the record to

reflect that both the bailiff and myself had contact with Mr. Hisel limited to determining his wife's name so that she could be called and notified.

And I'd just like the record to reflect that while there was contact by the bailiff and by myself, nothing about the case was discussed.

Further, I want to state that Mr. Hisel did indicate-make a statement to me that he would apologize for having a heart attack and indicated that at least they had reached a verdict.

So that indicated to the Court that Mr. Hisel personally advised the Court that the verdict returned was his personal verdict, if that needs to be part of the record.

We will address appellant's issues in a logical rather than sequential order. By issue four, appellant contends the trial court erred in refusing to discharge the jury in violation of article 36.29(c) of the Texas Code of Criminal Procedure. By issue five, he contends that the trial court abused its discretion in refusing to discharge the jury where, after the charge was read, a juror became disabled before the verdict was read in open court. By issue six, he contends the trial court abused its discretion in overruling his request for a mistrial. We agree, and consider these issues together.

■■■ Appellant was indicted for the felony offense of aggravated robbery. *See* Tex.Pen.Code Ann. § 29.03(b) (Vernon 1994). In a felony case, not less than 12 jurors can render and return a verdict. Tex. Const. art. V, § 13; Tex.Code Crim. Proc.Ann. art. 36.29(a) (Vernon Supp. 2000). However, article 36.29(c) provides:

[a]fter the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty ... the jury *shall* be discharged, except that on agreement on the record by the defendant, the defendant's counsel, and the attorney representing the

state 11 members of a jury may render a verdict. . . .

(Emphasis added). According to the record, the State did not address or oppose either appellant's request that the jury be discharged or his motion for mistrial. Under the Code Construction Act, the term "shall" imposes a duty upon the trial court to proceed in accordance with the statute. *See* Tex.Gov't Code Ann. § 311.016(2) (Vernon 1998). *Booker v. State*, 808 S.W.2d 141, 144 (Tex.App.—El Paso 1991, no pet.). Because the record shows that defense counsel objected to proceeding with only 11 jurors and moved for mistrial, the statutory exception to proceeding with less than 12 jurors is not applicable. Moreover, although a defendant may waive the constitutional requirement of a 12–person jury, the State must also agree to proceed with less than 12 jurors. *See, e.g.,* *Hatch v. State*, 958 S.W.2d 813, 816 n. 5 (Tex.Cr.App.1997). Here, however, neither appellant, his attorney, nor the State agreed to proceed with less than 12 jurors. Thus, the trial court was under a duty to discharge the jury and erred in failing to grant a mistrial.

Although the State concedes that if "the incapacity occurs after the charge is read, the judge must declare a mistrial and discharge the jury, unless the defendant and the State agree to proceeding with eleven jurors," it nevertheless contends that the options available to the trial court under article 36.29 depend upon the stage of the trial when a juror's illness arises. In this case, the trial court announced that he based his decision to proceed with 11 jurors on *Campbell v. State*, 644 S.W.2d 154 (Tex.App.—Austin 1982) pet. ref'd, 647 S.W.2d 660 (Tex.Cr.App.1983). On appeal, the State urges this Court to apply the *Campbell* holding that the term "charge" in article 36.29(c) refers to the last set of instructions, (*i.e.,* the punishment charge), given to the jury by the trial court. The State contends that because the trial court had "perceived" that the 12–person jury had reached a verdict on guilt/innocence

when Juror Hisel became disabled, the trial court had discretion to proceed with only 11 jurors even without an agreement between appellant, his attorney, and the State. We disagree for three reasons.

First, in refusing petition for discretionary review in *Campbell,* the Court of Criminal Appeals expressly stated that it did not endorse or adopt the reasoning of the Austin Court of Appeals. *Campbell,* 647 S.W.2d at 660. Second, in *Campbell,* the juror's disability occurred during presentation of the evidence in the punishment phase and after a guilty verdict by a 12–person jury had already been received by the trial court. Finally, *Campbell* is not applicable because the Austin Court of Appeals applied former article 36.29 as it existed prior to the 1981 amendments to the Code of Criminal Procedure. *See Campbell,* 644 S.W.2d at 162 n. 4. Prior to the 1981 amendments, article 36.29 provided:

> [a]fter the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty, or any accident of [sic] circumstance occurs to prevent their being kept together under circumstances under which the law or the instructions of the court requires that they be kept together, the jury *may* be discharged.

(Emphasis added). *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 460. The term "may" creates discretionary authority or grants permission or power to the trial court. Tex.Gov't Code Ann. § 311.016(1) (Vernon 1998). In applying former article 36.29, the *Campbell* court explained that the Legislature intended that the decision to proceed with 11 jurors was a "matter resting in the sound discretion of the trial judge...." The current version of article 36.29(c) provides that the jury *shall* be discharged, eliminating any discretion of the trial court. The State also cites *Sanchez v. State,* 837 S.W.2d 791 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd), which cites *Campbell,* but *Sanchez* does

not advert to the change in article 36.29(c). Also, as in *Campbell,* the juror's disability occurred during the punishment phase of the trial and *Sanchez* does not address the situation presented here.

■ Moreover, in reviewing chapter 36 of the Texas Code of Criminal Procedure, entitled "The Trial Before the Jury," we find that its 33 articles apply to the guilt/innocence phase of a trial. Specifically, articles 36.14 and 36.16 address the court's charge. Chapter 37 of the Code entitled "The Verdict," which contains 14 articles, applies to the jury's verdict on guilt/innocence and the punishment phase of the trial. Among other provisions, three articles provide for the jury's return into court so the verdict can be rendered, the polling of the jury, and the defendant's presence when the verdict is read aloud. Tex.Code Crim.Proc.Ann. arts. 37.04, 37.05, and 37.06 (Vernon 1981). Further, unless a defendant elects to have a jury assess the punishment, Tex.Code Crim. Proc.Ann. art. 37.07, § 2(b), there will not be a charge at the punishment phase of the trial. Accordingly, because article 36.29(c) is included in that portion of the Code that applies to the guilt/innocence phase of a trial, without addressing its applicability to the punishment phase, we conclude that the reference to the "charge of the court" contained in article 36.29(c) relates to the charge given at the guilt/innocence phase and is applicable here. Moreover, because the record before us does not show that the defendant, his attorney, and the State's attorney agreed to proceed with only 11 jurors, the trial court had no discretion to proceed with only 11 jurors. *Hatch,* 958 S.W.2d at 816 n. 5. Issues four, five, and six are sustained. Our resolution of these issues pretermits consideration of appellant's remaining issues. Tex.R.App.P. 47.1. Having concluded that the trial court erred in proceeding with 11 jurors, we must now determine whether a harm analysis is required.

■ Following the Court of Criminal Appeals decision in *Cain v. State,* 947

S.W.2d 262, 264 (Tex.Cr.App.1997), except for "structural" errors, no error is categorically immune to a harmless error analysis. However, when error defies harmless error analysis, it will not be proven harmless beyond a reasonable doubt. *Id.; see also* Tex.R.App.P. 44.2(a). A structural error affects the framework within which the trial proceeds, rather than simply an error in the trial process itself. *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Without basic constitutional protections, "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." 499 U.S. at 309–10, 111 S.Ct. 1246; see also *Rey v. State*, 897 S.W.2d 333, 344–46 (Tex.Cr.App. 1995). Structural errors which defy harmless error analysis include: total deprivation of the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); an impartial judge, *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); unlawful exclusion of members of the defendant's race from a grand jury, *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right to self-representation, *McKaskle v. Wiggins*, 465 U.S. 168, 177–78, n. 8, 104 S.Ct. 944, 950–51, n. 8, 79 L.Ed.2d 122 (1984); and the right to public trial, *Waller v. Georgia*, 467 U.S. 39, 49, n. 9, 104 S.Ct. 2210, 2217, n. 9, 81 L.Ed.2d 31 (1984).

■ Although the Sixth Amendment to the United States Constitution does not require any particular number of jurors, the Texas Constitution mandates that grand and petit juries in district courts be composed of twelve men.[1] TEX. CONST. art. V, § 13. According to the interpretive commentary at common law, the "unanimity of twelve jurors was an essential attribute of the verdict of a jury." The Legislature has created an exception to the 12–person requirement when agreed to on the record by the defendant, his attorney, and the State's attorney. Tex.Code Crim.Proc.Ann. art. 36.29(c) (Vernon Supp. 2000). However, where, as here, no agreement appears on the record to proceed with 11 jurors, the constitutional mandate of 12 persons controls the make-up of the jury. Thus, we conclude that the trial court's decision to proceed with 11 jurors violated appellant's constitutional right to be tried by 12 persons and was structural error that affected the reliability of a criminal trial for determining guilt or innocence. Thus, the error defies harmless error review and we must reverse the judgment of conviction because we cannot determine beyond a reasonable doubt that the error did not contribute to appellant's conviction. Tex.R.App.P. 44.2(a).

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

■

---

1. Section 62.201 of the Texas Government Code Annotated (Vernon 1998) provides that a jury in a district court be composed of 12 persons unless the parties agree to fewer than 12 jurors. The Court of Criminal Appeals held in *Hatch v. State,* 958 S.W.2d 813, 815– 16 (Tex.Cr.App.1997) that the "plain" language of section 62.201 "makes no distinction between civil and criminal cases" and nothing in section 62.201 conflicts with article 36.29 of the Texas Code of Criminal Procedure.