**Ricardo CHAVEZ, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 542–01.**

Court of Criminal Appeals of Texas.

Dec. 18, 2002.

---

L. Van Williamson, Amarillo, for Appellant.

John L. Owen, Assist. Dist. Atty., Amarillo, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant entered a plea of not guilty to the offense of aggravated assault with a deadly weapon and proceeded to trial before a jury. After the jury had informed the trial court that it had reached a verdict, but before the verdict was announced in court, one of the jurors suffered a heart attack. Over appellant's objection, the trial court received the verdict of the remaining eleven jurors. Holding that the trial court's decision to proceed with eleven jurors after the charge had been to read to the jury over appellant's objection was constitutional error defying harmless error review, the Court of Appeals reversed appellant's conviction. *Chavez v. State,* 34 S.W.3d 692, 697 (Tex.App.—Amarillo 2000). The question before us today is whether the Court of Appeals erred in concluding that the trial court's decision to accept the guilt/innocence verdict from the eleven jurors and proceed with the punishment phase is constitutional error. Because the error involved is a violation of a statutory procedure rather than a violation of a constitutional provision, we hold that the error is subject to harm analysis under

Rule of Appellate Procedure 44.2(b).[1] We will reverse and remand.

Appellant was indicted for the offense of aggravated assault with a deadly weapon. Appellant entered a plea of not guilty and proceeded to trial before a jury. After the charge was read to the jury at the end of the guilt/innocence phase of the trial, the twelve-member jury retired to deliberate. Approximately thirty-five minutes later, the jury notified the trial court that it had reached a verdict. Moments later, one of the jurors, Elmer Hisel, suffered a heart attack. The paramedics were called and Hisel was transported to the hospital.

The trial court announced that it would receive the verdict from the remaining eleven jurors. Appellant objected to the trial court's decision to proceed with only eleven jurors. Citing Article 36.29(c) of the Code of Criminal Procedure,[2] appellant argued that because he had not agreed to proceed with less than twelve jurors and because he had requested that the jury assess punishment, the trial court was required to discharge the jury and declare a mistrial.

The trial court overruled appellant's objection and received the verdict from the remaining eleven jurors. The jury found appellant guilty of aggravated assault and subsequently assessed punishment at fif-teen years' imprisonment in the Texas Department of Criminal Justice, institutional division.

Appellant argued on appeal that the trial court erred in refusing to discharge the jury in violation of Article 36.29(c) of the Texas Code of Criminal Procedure. The Court of Appeals explained that the Texas Constitution mandates that juries in district courts be composed of twelve jurors. *Chavez,* 34 S.W.3d at 697. However, the court also noted that Article 36.29 of the Code of Criminal Procedure provides an exception to the twelve member requirement. If a juror is discharged because of a disability after the charge has been read to the jury, then upon agreement by the defendant, his attorney, and the State, the trial can proceed with the remaining eleven jurors. *Id.* But, the Court of Appeals explained, in a situation where no agreement to proceed with eleven jurors exists, then the "constitutional mandate of [twelve] persons controls the make-up of the jury." *Id.* Since in the present case no agreement between the parties was reached, the Court of Appeals concluded that the trial court's decision to proceed with eleven jurors following the discharge of Juror Hisel was constitutional error immune from harmless error analysis. *Id.*[3]

---

1. Rule 44.2 provides in pertinent part as follows:
   (a) *Constitutional error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
   (b) *Other errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

2. Unless indicated otherwise, all future references to Articles refer to the Code of Criminal Procedure.

3. The Court of Appeals also labeled the trial court's error in proceeding with eleven jurors as "structural." *Chavez,* 34 S.W.3d at 697. In *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997) we explained that the only type of errors considered to be "structural" are those federal constitutional errors labeled as such by the United States Supreme Court. *See Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302. There is no federal constitutional right to a twelve-member jury. *Williams v. Florida,* 399 U.S. 78, 98, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Because there is no federal constitutional right to a twelve-member jury, then it necessarily follows that the decision to proceed

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in concluding that the trial court's decision to proceed with eleven jurors was constitutional error.

The Texas Constitution requires that in a felony trial, the jury be composed of twelve members. TEX. CONST. art. V, § 13. However, the right to a twelve-member jury is not absolute. Article 5 § 13 of the Texas Constitution provides:

> When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.

Pursuant to the authority granted to it by Article 5 § 13, the Legislature enacted Article 36.29. *Johnson v. State,* 525 S.W.2d 170, 171 (Tex.Crim.App.1975). Article 36.29 provides in relevant part as follows:

> (a) Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b), however, after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number; it shall be signed by every member of the jury concurring in it.

*   *   *

> (c) After the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty, or any accident of circumstance occurs to prevent their being kept together under circumstances under which the law or the instruction of the court requires that they be kept together, the jury shall be discharged, except that on agreement on the record by the defendant, the defendant's counsel, and the attorney representing the state 11 members of a jury may render a verdict and, if punishment is to be assessed by the jury, assess punishment.

■ The State argues that the Court of Appeals erred in concluding that the trial court's decision to proceed with eleven jurors over appellant's objection constituted constitutional error. The State contends that the Texas Constitution contains *"no limitation* respecting the point in the trial when disability occurs, as bearing upon the trial court's authority to continue the trial with eleven … jurors." Rather, the State asserts that "[t]he requirement that a juror's disability must occur before the charge is read [in order] to give the trial court discretion to proceed with eleven jurors is found only in the statute." *See* TEX.CRIM. PROC. CODE ANN. § 36.29(c) (Vernon Supp.1999).[4] Thus, the State concludes that "it is a violation of detailed procedural statute, not the qualified constitutional right to a jury of twelve persons that is involved." We agree.

■ The failure of a trial court to adhere to a statutory procedure related to a constitutional provision is a violation of the statute, not a violation of the constitutional provision itself. *See Ex parte Long,* 910

with eleven jurors cannot be deemed as structural error.

4. We recently interpreted the meaning of Article 36.29(a) in *Hill v. State,* 90 S.W.3d 308, 314–315 (Tex.Crim.App.2002).

S.W.2d 485, 486 (Tex.Crim.App.1995) (holding that an absence of a waiver of indictment is a violation of a statutory right, not a violation of a constitutional provision); *see also Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993). In *Sadberry*, we addressed the issue of whether the failure of a defendant to sign a written jury waiver violated a defendant's constitutional right to a jury trial. We explained:

> This case does not involve a question of constitutional dimension; it involves an irregularity in the proceedings in the trial court. Neither the federal nor the state constitution require that a trial by jury be waived in writing. Rather, the legislature has chosen to observe careful regulation of that constitutional right by specifying how that right may be waived.

*Id.* at 543.

Similarly, the error involved in the present case does not involve the violation of a constitutional right. Appellant does not claim that the trial court erroneously dismissed Juror Hisel, thus depriving him of a twelve-member jury as guaranteed by the Texas Constitution. *See Rivera v. State*, 12 S.W.3d 572, 579 (Tex.App.—San Antonio 2000) (concluding that the trial court's decision to proceed with eleven jurors after erroneously dismissing a juror during the punishment phase of the trial was constitutional error). Appellant complains of the trial court's failure to adhere to the requirements of Article 36.29(c).

The Texas Constitution provides without qualification that a trial can proceed with as few as nine jurors if a juror is dismissed because of a disability. It does not set forth any procedures that must be adhered to following the dismissal. *See* TEX. CONST. art. V, § 13. Rather, it is the legislature that has chosen to regulate the manner in which a trial may proceed following the discharge of a disabled juror. *See* Article 36.29. Thus, because the decision to proceed with the trial over appellant's objection is a violation of a purely statutory right, we hold that the error is subject to a harm analysis under Rule of Appellate Procedure 44.2(b).

Accordingly, we reverse the judgment of the Court of Appeals and remand this case to that court to conduct a harm analysis under Rule 44.2(b).

JOHNSON, J., concurred.