COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-345-CR
KIRK VINCENTE CHAVEZ           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
Introduction
Kirk Vincente Chavez appeals from his
conviction for aggravated assault causing serious bodily injury. In two issues
on appeal, he argues that the trial court erred in proceeding with only eleven
jurors when one juror failed to attend court due to the death of his stepfather
and that the evidence is insufficient to sustain a finding of serious bodily
injury. We will reverse and remand.
Background
Complainant Linda Chavez, her daughters
C.C. and T.H., and T.H.'s boyfriend resided together in a duplex in Arlington,
Texas. On the evening of July 31, 2000, Linda and C.C. were watching television
in an upstairs bedroom when appellant, C.C.'s father, entered their residence.
C.C., who was nine years old when she testified at trial, was the only witness
to the incident who testified at trial. (1) She
testified that after appellant entered the bedroom, he and Linda got into a
fight. Appellant began hitting Linda in the face with his hand and then hit her
up to five times in her left eye.
A grand jury indicted appellant for the
offenses of burglary of a habitation and aggravated assault causing serious
bodily injury. After hearing arguments from counsel, the trial court directed a
verdict of not guilty as to the charge of burglary. The jury then found
appellant guilty of aggravated assault causing serious bodily injury and
assessed punishment at twenty years in prison and a $10,000 fine.
Dismissal of Disabled
Juror
In issue two, appellant contends that the
trial court erred in proceeding with only eleven jurors because there was no
evidence that the twelfth juror was disabled from sitting. The State contends
that appellant failed to preserve this complaint for our review because his
objection at trial challenged the court's authority to excuse the juror over his
objection and because he did not complain that the juror was not disabled.
An objection preserves only the specific
ground cited. Tex. R. App. P. 33.1; Butler v. State, 872 S.W.2d 227,
237 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1157 (1995). Thus,
the complaint made on appeal must comport with the complaint made in the trial
court, or the error is waived. Butler, 872 S.W.2d at 236; Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). However, if it is
apparent from the record that the trial court understood the objection and its
grounds, error is preserved. Dixon v. State, 928 S.W.2d 564, 564-65
(Tex. Crim. App. 1996).
In this case, the trial judge stated that
he intended to discharge a juror as disabled under article 36.29 of the code of
criminal procedure unless counsel objected. Defense counsel replied,
"Judge, defense objects to going with 11." The State then presented
case law in support of discharging the juror as disabled. Taking counsel's
statement in the context of the entire record, we conclude that the trial court
understood the grounds for appellant's objection to the trial court's
determination that the juror was "disabled." Therefore, the issue is
preserved for appellate review. Having determined the error was preserved for
appellate review, we now address the merits of appellant's complaint that the
record does not support the trial court's finding that the juror was disabled.
The Texas Constitution requires a jury in
a felony criminal trial to be composed of twelve members. Tex. Const. art. V, §
13. The Texas Constitution and article 36.29(a) of the Texas Code of Criminal
Procedure both provide, however, that if a juror dies or becomes
"disabled" from sitting, the remaining empaneled jury has the power to
render the verdict. Id.; Tex. Code Crim. Proc. Ann. art. 36.29(a)
(Vernon Supp. 2003). A juror is disabled only when the juror is physically,
emotionally, or mentally impaired in some way that hinders his or her ability to
perform the duty of a juror. Brooks v. State, 990 S.W.2d 278, 286 (Tex.
Crim. App.), cert. denied, 528 U.S. 956 (1999). The determination as to
whether a juror is "disabled" is within the sound discretion of the
trial court. Id. Absent an abuse of that discretion, we will not find
reversible error. Id.
Here, the evidence reveals that the
juror's stepfather died after the jury had been sworn, but before trial resumed
on the second day. The juror phoned the trial judge and told him that his mother
had called from a hospital in Kansas and notified him that his stepfather had
suddenly and unexpectedly passed away. However, there is no evidence in the
record showing that his stepfather's death rendered him unable to perform his
duties as a juror or placed him in a state of such emotional or mental stress
that he was hindered or inhibited from performing his duties as a juror. See
Valdez v. State, 952 S.W.2d 622, 624 (Tex. App.--Houston [14th
Dist.] 1997, pet. ref'd). Therefore, the trial court erred in proceeding with
eleven jurors over appellant's objection. Since the trial court's error violated
appellant's constitutional right to a twelve-member jury and lessened the burden
on the State to persuade the jury of appellant's guilt, the conviction must be
reversed. (2)
Marquez v. State, 620 S.W.2d 131, 133 (Tex. Crim. App. [Panel Op.]
1981); Rivera v. State, 12
S.W.3d 572, 580 (Tex. App.--San Antonio 2000, no pet.). Accordingly,
we sustain appellant's second issue.
Even though reversal is required on this
ground, constitutional protections against double jeopardy demand that we
continue our analysis because appellant has also complained that the evidence is
legally insufficient to support his conviction. (3)
Sufficiency of the Evidence
In point one, appellant contends that the evidence was insufficient to
support a finding that Linda suffered serious bodily injury.
(4)
In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict.
Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App.
2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim.
App. 1992), cert. denied, 507 U.S. 975 (1993). This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct 2781, 2789 (1979).
The indictment in this case alleges that appellant "did then and
there intentionally or knowingly cause serious bodily injury to Linda Chavez by
hitting her with his hand." Serious bodily injury is defined as
"bodily injury that creates a substantial risk of death or that causes
death, serious permanent disfigurement, or protracted loss or impairment of the
function of any bodily member or organ." Tex. Penal Code Ann. §
1.07(a)(46) (Vernon 1994). The disfiguring and impairing quality of the injury
is determined as the injury was inflicted, not taking into account the
ameliorative effects of medical treatment. Brown v. State,
605 S.W.2d 572, 575 (Tex. Crim. App. [Panel Op.] 1980), overruled
on other grounds by Hedicke v. State, 779 S.W.2d 837 (Tex. Crim. App.
1989); see Boney v. State, 572 S.W.2d 529, 532 (Tex. Crim.
App. [Panel Op.] 1978) (holding sufficient evidence that a wound, if left
unattended, could cause substantial risk of death). To be considered
"protracted," the loss or impairment should be continuing, drawn out,
extended, lengthy, lingering, never-ending, or ongoing. Moore
v. State, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987).
The evidence shows that Linda suffered a fracture of the facial bones
and entrapment of the eye muscles. The doctor who examined her soon after the
injury testified that she had significant bruising and tenderness around her
left eye, experienced difficulty moving the eye, and suffered from impaired
vision. He stated that without surgery she would have continual double vision in
her left eye, would be unable to use the eye, and if there were any internal
injuries to the eye itself, may suffer permanent loss of the eye. Linda's sister
testified that a year after the assault and following surgery, Linda's eye
continued to protrude and wander. This evidence is sufficient to support a
finding that Linda sustained serious bodily injury. We overrule point one.
Conclusion
The trial court's judgment is reversed and the case is remanded for a
new trial.
JOHN CAYCE
CHIEF JUSTICE
PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered January 16, 2003]

1. Linda was in a mental hospital at the time of trial and
unable to testify.
2. The court of criminal appeals recently held that the
trial court's refusal to discharge the jury in violation of article 36.29(c) of
the Texas Code of Criminal Procedure is a violation of a purely statutory right
subject to a harm analysis under rule of appellate procedure 44.2(b). Chavez
v. State, No. 542-01, slip op. at 7, 2002 WL 31839247, at *3 (Tex.
Crim. App. Dec. 18, 2002). In so doing, the court noted that the case did not
involve a violation of a constitutional right because appellant did not contend
that the trial court erroneously dismissed the juror. Id. at 6, 2002 WL
31839247, at *3. However, in the present case, appellant does contend
that the juror was erroneously dismissed.
3. Tex. Code Crim. Proc. Ann. art. 1.11 (Vernon 1977); McFarland
v. State, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996) (appellate court must
always address sufficiency challenges, "even if the conviction must be
reversed on other grounds").
4. A factual sufficiency point is properly raised if it is
specified in a separate point; thus, if only "sufficiency" is
challenged and Jackson v. State is cited, only legal
sufficiency is raised. Davila v. State, 930 S.W.2d 641,
648 (Tex. App.--El Paso 1996, pet. ref'd); see also Martinets
v. State, 884 S.W.2d 185, 189 (Tex. App.--Austin 1994, no pet.). Factual
sufficiency is not properly raised where, as here, appellant's brief simply sets
out the proper standard of review with no analysis. McDuff v.
State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied,
522 U.S. 844 (1997).