Chavez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-345-CR

KIRK VINCENTE CHAVEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Kirk Vincente Chavez appeals from his conviction for aggravated assault causing serious bodily injury.  In two issues on appeal, he argues that the trial court erred in proceeding with only eleven jurors when one juror failed to attend court due to the death of his stepfather and that the evidence is insufficient to sustain a finding of serious bodily injury.  We will reverse and remand.

Background

Complainant Linda Chavez, her daughters C.C. and T.H., and T.H.’s boyfriend resided together in a duplex in Arlington, Texas.  On the evening of July 31, 2000, Linda and C.C. were watching television in an upstairs bedroom when appellant, C.C.’s father, entered their residence.  C.C., who was nine years old when she testified at trial, was the only witness to the incident who testified at trial.
(footnote: 1)  She testified that after appellant entered the bedroom, he and Linda got into a fight.  Appellant began hitting Linda in the face with his hand and then hit her up to five times in her left eye.  

A grand jury indicted appellant for the offenses of burglary of a habitation and aggravated assault causing serious bodily injury.  After hearing arguments from counsel, the trial court directed a verdict of not guilty as to the charge of burglary.  The jury then found appellant guilty of aggravated assault causing serious bodily injury and assessed punishment at twenty years in prison and a $10,000 fine.  

Dismissal of Disabled Juror

In issue two, appellant contends that the trial court erred in proceeding with only eleven jurors because there was no evidence that the twelfth juror was disabled from sitting.  The State contends that appellant failed to preserve this complaint for our review because his objection at trial challenged the court’s authority to excuse the juror over his objection and because he did not complain that the juror was not disabled.  

An objection preserves only the specific ground cited.  
Tex. R. App. P
. 33.1; 
Butler v. State
, 872 S.W.2d 227, 237 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995).  Thus, the complaint made on appeal must comport with the complaint made in the trial court, or the error is waived.  
Butler
, 872 S.W.2d at 236;  
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  However, if it is apparent from the record that the trial court understood the objection and its grounds, error is preserved.  
Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996).

In this case, the trial judge stated that he intended to discharge a juror as disabled under article 36.29 of the code of criminal procedure unless counsel objected.  Defense counsel replied, “Judge, defense objects to going with 11.”  The State then presented case law in support of discharging the juror as disabled.  Taking counsel’s statement in the context of the entire record, we conclude that the trial court understood the grounds for appellant’s objection to the trial court’s determination that the juror was “disabled.”  Therefore, the issue is preserved for appellate review.  Having determined the error was preserved for appellate review, we now address the merits of appellant’s complaint that the record does not support the trial court’s finding that the juror was disabled.  

The Texas Constitution requires a jury in a felony criminal trial to be composed of twelve members.  
Tex. Const
. art. V, § 13.  The Texas Constitution and article 36.29(a) of the Texas Code of Criminal Procedure both provide, however, that if a juror dies or becomes “disabled” from sitting, the remaining empaneled jury has the power to render the verdict.  
Id
.; 
Tex. Code Crim. Proc. Ann.
 art. 36.29(a) (Vernon Supp. 2003).  A juror is disabled only when the juror is physically, emotionally, or mentally impaired in some way that hinders his or her ability to perform the duty of a juror.  
Brooks v. State
, 990 S.W.2d 278, 286 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 956 (1999).  The determination as to whether a juror is “disabled” is within the sound discretion of the trial court.  
Id
.  Absent an abuse of that discretion, we will not find reversible error.  
Id
. 

Here, the evidence reveals that the juror’s stepfather died after the jury had been sworn, but before trial resumed on the second day.  The juror phoned the trial judge and told him that his mother had called from a hospital in Kansas and notified him that his stepfather had suddenly and unexpectedly passed away.  However, there is no evidence in the record showing that his stepfather’s death rendered him unable to perform his duties as a juror or placed him in a state of such emotional or mental stress that he was hindered or inhibited from performing his duties as a juror.  
See Valdez v. State
, 952 S.W.2d 622, 624 (Tex. App.—Houston [14
th
 Dist.] 1997, pet. ref’d). 
 Therefore, the trial court erred in proceeding with eleven jurors over appellant’s objection.  Since the trial court’s error violated appellant’s constitutional right to a twelve-member jury and lessened the burden on the State to persuade the jury of appellant’s guilt, the conviction must be reversed.
(footnote: 2)  
Marquez v. State
, 620 S.W.2d 131, 133 (Tex. Crim. App. [Panel Op.] 1981); 
Rivera v. State
, 12 S.W.3d 572, 580 (Tex. App.—San Antonio 2000, no pet.). 
 Accordingly, we sustain appellant’s second issue.

Even though reversal is required on this ground, constitutional protections against double jeopardy demand that we continue our analysis because appellant has also complained that the evidence is legally insufficient to support his conviction.
(footnote: 3)
Sufficiency of the Evidence

In point one, appellant contends that the evidence was insufficient to support a finding that Linda suffered serious bodily injury.
(footnote: 4) 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State
, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct 2781, 2789 (1979).

The indictment in this case alleges that appellant “did then and there intentionally or knowingly cause serious bodily injury to Linda Chavez by hitting her with his hand.”  Serious bodily injury is defined as “bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.”  
Tex. Penal Code Ann.
 § 1.07(a)(46) (Vernon 1994).  The disfiguring and impairing quality of the injury is determined as the injury was inflicted, not taking into account the ameliorative effects of medical treatment.  
Brown v. State
, 605 S.W.2d 572, 575 (Tex. Crim. App. [Panel Op.] 1980), 
overruled on other grounds by Hedicke v. State
, 779 S.W.2d 837 (Tex. Crim. App. 1989); 
see Boney v. State
, 572 S.W.2d 529, 532 (Tex. Crim. App. [Panel Op.] 1978) (holding sufficient evidence that a wound, if left unattended, could cause substantial risk of death).  To be considered “protracted,” the loss or impairment should be continuing, drawn out, extended, lengthy, lingering, never-ending, or ongoing.  
Moore v. State
, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987).  

The evidence shows that Linda suffered a fracture of the facial bones and entrapment of the eye muscles.  The doctor who examined her soon after the injury testified that she had significant bruising and tenderness around her left eye, experienced difficulty moving the eye, and suffered from impaired vision.  He stated that without surgery she would have continual double vision in her left eye, would be unable to use the eye, and if there were any internal injuries to the eye itself, may suffer permanent loss of the eye.  Linda’s sister testified that a year after the assault and following surgery, Linda’s eye continued to protrude and wander.  This evidence is sufficient to support a finding that Linda sustained serious bodily injury.  We overrule point one.

Conclusion

The trial court’s judgment is reversed and the case is remanded for a new trial.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered January 16, 2003]

FOOTNOTES
1:
Linda was in a mental hospital at the time of trial and unable to testify.

2:
The court of criminal appeals recently held that 
the trial court’s refusal to discharge the jury in violation of article 36.29(c) of the Texas Code of Criminal Procedure is a violation of a purely statutory right subject to a harm analysis under rule of appellate procedure 44.2(b).  
Chavez v. State
,
 
No. 542-01, slip op. at 7, 2002 WL 31839247, at *3 (Tex. Crim. App. Dec. 18, 2002).  In so doing, the court noted that the case did not involve a violation of a constitutional right because appellant did not contend that the trial court erroneously dismissed the juror.  
Id. 
at 6, 2002 WL 31839247, at *3.  However, in the present case, appellant 
does
 contend that the juror was erroneously dismissed.  

3:
Tex. Code Crim. Proc. Ann. 
art. 1.11 (Vernon 1977); 
McFarland v. State
, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996) (appellate court must always address sufficiency challenges, “even if the conviction must be reversed on other grounds”).  

4:
A factual sufficiency point is properly raised if it is specified in a separate point; thus, if only “sufficiency” is challenged and 
Jackson v. State 
is cited, only legal sufficiency is raised.  
Davila v. State
, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref’d); 
see also Martinets v. State
, 884 S.W.2d 185, 189 (Tex. App.—Austin 1994, no pet.).  Factual sufficiency is not properly raised where, as here, appellant’s brief simply sets out the proper standard of review with no analysis.  
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).