NO. 07-99-0379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 1, 2003

_____


RICARDO CHAVEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 40,485-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____


Before JOHNSON, C.J., QUINN and REAVIS, JJ.


**<u>ON REMAND</u>**


In a prior opinion, we held the trial court's decision, over appellant's objection, to proceed with eleven jurors after the charge had been read to the jury was constitutional error defying harmless error review. As a result, we reversed appellant's conviction for

aggravated assault and remanded the proceeding to the trial court for a new trial. Chavez v. State, 34 S.W.3d 692 (Tex.App.--Amarillo 2000, pet. granted), *rev'd*, 91 S.W.3d 797 (Tex.Cr.App. 2002). The Court of Criminal Appeals granted the State's petition for discretionary review. In its opinion reversing this Court, the Court of Criminal Appeals began by noting: (1) the Texas Constitution requires that in a felony trial, the jury be composed of twelve members; (2) the right to a twelve-member jury is not absolute; and, (3) pursuant to the authority granted to it by the Texas Constitution, the Legislature enacted article 36.29 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2003). The Court went on to hold "because the decision to proceed with the trial over appellant's objection is a violation of a purely statutory right, . . . the error is subject to a harm analysis under Rule of Appellate Procedure 44.2 (b)." The Court then reversed and remanded the case to this Court with instructions to conduct a harm analysis. *Chavez*, 91 S.W.3d at 801.

The existence of error is not at issue. Therefore, because the two previous published opinions in this case adequately reflect its factual and procedural history, we limit our review to the events essential to a harm analysis. The burden to demonstrate whether appellant was harmed by trial court error does not rest on appellant or the State. Johnson v. State, 43 S.W.3d 1, 5 (Tex.Cr.App. 2001). Rather, it is our responsibility to assess harm after reviewing the record. *Id*. In conducting our review, we will disregard any error, defect, irregularity, or variance that does not affect a substantial right of

2

appellant. Tex. R. App. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson*, 43 S.W.3d. at 4.[1]

In a supplemental brief on remand, appellant suggests harm should be presumed because the trial court, after reading the charge, allowed the jury to separate when emergency personnel transported one of its members, Juror Hisel, to the hospital following a heart attack. Because the trial court defied the mandatory prohibition against jury separation under article 35.23 of the Code of Criminal Procedure, appellant maintains it was the State's burden to rebut his threshold showing of harm when he objected to proceeding with eleven jurors. Tex. Code Crim. Proc. Ann. art. 35.23 (Vernon Supp. 2003). The State failed to produce such evidence at the time of separation, therefore, claims appellant, the error has not been proven harmless, and this Court should reverse his conviction.

Initially, we note appellant did not raise on original submission of this case the complaint he now asserts under article 35.23. Nevertheless, we have reviewed the authority he advances in support of that contention and agree with the State's response

---

[1]Under the facts of the *Johnson* case, the Court concluded appellant demonstrated harmful error in the trial court's denial of a proper challenge for cause.

that jury separation is not an issue in the harm analysis before us.[2]  The purpose behind the prohibition against jury separation during deliberations is to prevent jury tampering. Hood v. State 828 S.W.2d 87, 93 (Tex.App.–Fort Worth 1992, no pet.).  In this case, after Juror Hisel left the courthouse, the presiding juror, in response to questioning by the trial court, announced that Juror Hisel participated in the verdict before becoming ill, and that the guilty verdict was Juror Hisel's individual verdict.  As a result, there can be no complaint the jury was tampered with in any way.  Furthermore, the fact the jury reached a unanimous guilty verdict prior to Juror Hisel's disability supports our conclusion the trial court's error in accepting the verdict from only eleven jurors did not have a substantial and injurious effect or influence in determining that verdict.  We, therefore, hold the trial court's error did not affect the substantial rights of appellant.  Tex. R. App. P. 44.2(b).  Appellant's issue is overruled.

Accordingly, the judgment is affirmed.

Don H. Reavis
Justice

Publish.

---

[2]On original submission to this Court, the State merely contended in its brief "the trial court correctly exercised its discretion to complete the trial with eleven jurors." Only on remand does the State offer a harm analysis.

4