In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-045 CR


____________________



LEWIS GRAY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 23121






MEMORANDUM OPINION


 A jury convicted Lewis Gray of aggravated sexual assault of a child and sentenced
him to forty-five years' confinement in the Texas Department of Criminal Justice,
Institutional Division. Gray appeals raising one issue.

 Gray contends the trial court erred in proceeding with only eleven jurors at the
punishment phase of trial over objection in violation of his constitutional and statutory right
to be tried by twelve persons. The only authority cited by Gray in support of his
contention is Article V, section 13 of the Texas Constitution and article 36.29 (a) of the
Texas Code of Criminal Procedure. See Tex. Const. art. V, § 13; and Tex. Code Crim.
Proc. Ann. art. 36.29(a) (Vernon Supp. 2003).

 In the present case, the disabled juror was dismissed before the charge was read in
the second phase of a bifurcated trial. Therefore, in accordance with article 36.29 (a), the
remaining eleven jurors had the power to render the punishment verdict. This issue has
been addressed by other courts. Relying on the holding in Campbell v. State, 644 S.W.2d
154 (Tex. App.--Austin 1982), pet. ref'd, 647 S.W.2d 660 (Tex. Crim. App. 1983), the
Houston Court of Appeals has held 

 . . . clearly the juror was excluded prior to the reading of the charge on
punishment. Since this was the second phase of a bifurcated trial, in which a
completely different charge is given to the jury, the juror was excused prior to
the charge being read regarding the issue the jury was to decide. Therefore,
appellant has failed to show that the trial court erred in denying appellant's
motion for mistrial. 


Sanchez v. State, 837 S.W.2d 791, 795 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd).

 The holdings in both Campbell and Sanchez can be applied to the present case since
the disabled juror was clearly excused before the charge was read in the second phase of a
bifurcated trial, and in accordance with Article 36.29(a), the trial court did not err in allowing
the remaining eleven jurors to render the punishment verdict.

 Additionally, the Court of Criminal Appeals recently held 

 [t]he Texas Constitution provides without qualification that a trial can proceed
with as few as nine jurors if a juror is dismissed because of a disability. It does
not set forth any procedures that must be adhered to following the dismissal.
See TEX. CONST. art. V, § 13. Rather, it is the legislature that has chosen to
regulate the manner in which a trial may proceed following the discharge of
a disabled juror. See Article 36.29. Thus, because the decision to proceed
with the trial over appellant's objection is a violation of a purely statutory right,
we hold that the error is subject to a harm analysis under Rule of Appellate
Procedure 44.2(b).


Chavez v. State, 91 S.W.3d 797, 801 (Tex. Crim. App. 2002). In so doing, the court noted
that the case did not involve a violation of a constitutional right because appellant did not
contend that the trial court erroneously dismissed the juror. Similarly, in the case at bar,
Gray does not contend the juror was erroneously dismissed, and because the disabled juror
was dismissed before the charge was read, no harm analysis is warranted.

 Accordingly, Gray's sole issue is overruled and the judgment of the trial court is
AFFIRMED. 

 PER CURIAM


Submitted on July 23, 2003 

Opinion Delivered July 30, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.