Opinion issued January 12, 2006










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00758-CR




KENNETH WAYNE CAMPBELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Austin County, Texas
Trial Court Cause No. 2001R-0078




O P I N I O N
          A jury convicted appellant, Kenneth Wayne Campbell, of aggravated sexual
assault of a child by sexual contact and assessed his punishment at 75 years in prison
and a fine of $5,000. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B)
(Vernon Supp. 2005). We determine (1) whether the trial court erred by granting the
State’s motion to amend the indictment; (2) whether the trial court’s error in not
sequestering the jury over appellant’s objection was harmful; and (3) whether the
evidence was legally and factually sufficient to show that appellant penetrated the
female organ of the complainant. We affirm.
Background
          Appellant was initially charged in Count I of the indictment with aggravated
sexual assault that occurred on July 25, 2001. The State then filed a motion to amend
indictment, adding Count II, which alleged indecency with a child by sexual contact
that occurred on April 21, 2004. The State’s certificate of service for the motion
indicated that the State had hand-delivered the motion to amend to counsel for
appellant on April 20, 2004. On June 1, 2004, after voir dire and the swearing in of
the jury, appellant objected to the amended indictment. Appellant claimed that the
indictment had been amended ex parte, that it had not been entered and docketed, and
that there had not been a hearing. Furthermore, appellant claimed that, on the day of
trial (June 1, 2004), the trial court’s file had only Count I docketed and entered. The
trial court overruled appellant’s objection and allowed trial on both counts.
          During cross-examination, appellant asked the complainant several questions
regarding the sexual assault, to which she gave rather vague answers pertaining to the
issue of penetration. The next day, a videotape was introduced and admitted as
State’s exhibit number 4 without any objection from appellant. The videotape
contained an interview, conducted on May 3, 2001, of the complainant at a child
advocacy center. During the interview, the complainant used anatomically correct
dolls to explain how appellant had penetrated her sexual organ with his.
          When jury deliberations had not been completed by five o’clock for the
guilt–innocence phase of the trial, the trial court allowed the jury to leave and return
the next day over appellant’s objection and request to sequester the jury. The jury
returned the next day and, after a few hours of deliberations, returned with a verdict.
Indictment Amendment
          In his first point of error, appellant contends that the trial court erred in
allowing the State to amend the indictment on the day of trial and in failing to grant
appellant’s motion for a 10-day continuance. Appellant relies upon article 28.10,
sections (a) and (b) of the Code of Criminal Procedure,


 which provide:
(a)     After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date
the trial on the merits commences. On the request of the defendant, the
court shall allow the defendant not less than 10 days, or a shorter period
if requested by the defendant, to respond to the amended indictment or
information.
 
(b)     A matter of form or substance in an indictment or information
may also be amended after the trial on the merits commences if the
defendant does not object.
 
Tex. Code Crim. Proc. Ann. art. 28.10(a), (b) (Vernon 2005).
          Appellant’s argument is based on the false premise that the indictment was not
amended until the day of trial. The record shows that the State filed its motion to
amend on April 21, 2004; that the trial court granted the motion on April 28, 2004;
that the clerk of the court sent counsel for appellant a certified copy of the motion to
amend and the order on April 30, 2004; and that trial began on June 1, 2004. 
Amendment was thus accomplished a full month before trial. Therefore, appellant’s
contention that the indictment was not amended until the day of trial, thereby
depriving appellant of his right to have 10 days to respond to the amended indictment,
is simply not supported by the record.
          Accordingly, we overrule appellant’s first point of error.
Refusal to Sequester the Jury
          In his second point of error, appellant contends that the trial court erred by
permitting the jurors to separate over appellant’s objection after the trial court had
read the charge to the jury at the guilt–innocence stage of the trial. The State
concedes error, and our focus is thus upon whether the error was harmless or harmful.
          Appellant’s brief asks this Court to find that the violation of the mandatory
provision requires reversal, relying upon Hood v. State, 828 S.W.2d 87 (Tex.
App.—Austin 1992, no pet.). In Hood, the Third Court of Appeals held, as
alternative holdings, that error in allowing the jury to separate over objection of the
defendant was either automatically reversible error, not subject to a harmless-error
analysis, or was harmless error under an application of the then-applicable harmless-error standard of former Rule of Appellant Procedure 81(b)(2). See Hood, 828
S.W.2d at 96; see also Tex. R. App. P. 81(b)(2), 707-708 S.W.2d (Tex. Cases) LXXX
(Tex. Crim. App. 1986, superseded 1997) [hereinafter “former rule 81(b)(2)”] (“If the
appellate record in a criminal case reveals error in the proceedings below, the
appellate court shall reverse the judgment under review, unless the appellate court
determines beyond a reasonable doubt that the error made no contribution to the
conviction or to the punishment.”). The State responds that the error here is non-structural constitutional error that is subject to a harmless-error analysis under Texas
Rule of Appellate Procedure 44.2(a). See Tex. R. App. P. 44.2(a) (“If the appellate
record in a criminal case reveals constitutional error that is subject to harmless error
review, the court of appeals must reverse a judgment of conviction or punishment
unless the court determines beyond a reasonable doubt that the error did not
contribute to the conviction or punishment.”) (Emphasis added to show difference
from former rule 81(b)(2) standard.) We disagree with both appellant and the State.
          In regard to appellant’s reliance on Hood, we note the reliance of the majority
in Hood on cases such as Sodipo v. State, 815 S.W.2d 551 (Tex. Crim. App. 1991),
in which the Court of Criminal Appeals found that certain error was not subject to a
harmless-error analysis. See Hood, 828 S.W.2d at 94-96. These cases have been
severely undermined by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997), in
which the Court of Criminal Appeals held that, “[e]xcept for certain federal
constitutional errors labeled by the Supreme Court as ‘structural,’ no error, whether
it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement,
is categorically immune to a harmless error analysis.” Id. at 264. Cain provides
support for the concurring opinion in Hood that would allow a harmless-error analysis
with the confident expectation that, if such an analysis were not feasible, the error
would be found harmful. See Hood, 828 S.W.2d at 96 (Jones, J., concurring). It is
noteworthy that the Second Court of Appeals followed the concurring opinion in
Hood, construing Hood to allow a harmless-error analysis if there existed a record
from which one could be conducted. See Jackson v. State, 931 S.W.2d 46, 47-48
(Tex. App.—Fort Worth 1996, no pet.); Sanchez v. State, 906 S.W.2d 176, 179 (Tex.
App.—Fort Worth 1995, pet. ref’d). Indeed, the concurring justice in Hood noted
a certain lack of confidence in the Hood majority’s holding that violations of article
35.23 were not subject to a harmless-error analysis, which lack of confidence was
exhibited by the majority’s proceeding to conduct a harmless-error analysis anyway. 
Hood, 828 S.W.2d at 96 (Jones, J., concurring). 
          Hood is anachronistic for a second reason, namely, its use of former rule
81(b)(2) as the harmless-error standard. Former rule 81(b)(2) was replaced in 1997
with rule 44.2, which provides separate harmless-error analyses for constitutional and
non-constitutional errors. See Tex. R. App. P. 44.2(a), (b). Hood is correct, however,
in its chronicling the long history of the Court of Criminal Appeals in construing
statutes concerning sequestration of jurors as mandatory. See Hood, 828 S.W.2d at
93; see also Skillern v. State, 559 S.W.2d 828, 830-32 (Tex. Crim. App. 1977)
(Onion, P.J., concurring). When jurors were not sequestered as required by the
statutes, a rebuttable presumption of harm arose, and it was incumbent on the State
to show that separated jurors did not converse with anyone about the case. Skillern,
559 S.W.2d at 831. However, the cases such as Skillern, on which the Hood court
relied, were decided under former rule 81(b)(2), which had only one harm standard. 
In contrast, current rule 44.2 has two harm standards: one applicable to constitutional
errors, and the other to “other error.” See Tex. R. App. P. 44.2. It is under rule 44.2
that we must now analyze the error in failing to sequester a jury.
          The error in failing to sequester a jury is a violation of a statute; it is not a
constitutional mandate, contrary to the State’s position. Violating a statutory mandate
to sequester a jury should now, therefore, be governed by rule 44.2(b) of the Texas
Rules of Appellate Procedure. See Rojas v. State, 986 S.W.2d 241, 252 (Tex. Crim.
App. 1998) (Keller, J., concurring); Chavez v. State, 134 S.W.3d 244, 245-46 (Tex.
App.—Amarillo 2003, pet. ref’d); Casias v. State, 36 S.W.3d 897, 900 (Tex.
App.—Austin 2001, no pet.); see also Thompson v. State, 95 S.W.3d 537, 542 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (“Constitutional error within the meaning
of rule 44.2(a) is an error that directly offends the United States or Texas
Constitution, without regard to any statute or rule that might also apply. That is, an
error is constitutional only if the correct ruling was constitutionally required.”)
(citations omitted). Rule 44.2(b) provides that any other error (other than
constitutional error), defect, irregularity, or variance that does not affect substantial
rights must be disregarded. Tex. R. App. P. 44.2(b).
          Here, the record shows that the trial court admonished the jurors, prior to their
separation overnight, that it was extremely important that they remember the court’s
instructions that there be absolutely no communications or conversations concerning
the case. Nothing in the record shows that any juror failed to obey the trial court’s
instructions. Indeed, nothing in the record shows any harm at all. Under these
circumstances, we hold that the trial court’s error in allowing the jury to separate,
over appellant’s request for sequestration, during jury deliberations was harmless. 
See Rojas, 986 S.W.2d at 252 (Keller, J., concurring); see also Tex. R. App. P.
44.2(b).
          Accordingly, we overrule appellant’s second point of error.        Sufficiency of the Evidence
          In his third point of error, appellant contends that the evidence is legally and
factually insufficient to support the jury’s implicit finding that he penetrated the
female organ of the complainant.



A.      Standards of Review
          In reviewing the legal sufficiency of the evidence, we must view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Berrett v. State, 152 S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2004,
pet. ref’d). In reviewing a factual-sufficiency challenge, we ask “whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). The factual-sufficiency standard “acknowledges that evidence of guilt can
‘preponderate’ in favor of conviction but still be insufficient to prove the elements of
the crime beyond a reasonable doubt.” Zuniga v. State, 144 S.W.3d 477, 485 (Tex.
Crim. App. 2004). Under either type of sufficiency review, the appellate court should
not substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d
642, 648 (Tex. Crim. App. 1996). The fact finder is entitled to believe all, some, or
none of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986). 
B.      The Law
          A person commits aggravated sexual assault of a child if, among other things,
he intentionally or knowingly causes the penetration of the anus or sexual organ of
a child by any means. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (iii) (Vernon Supp.
2005). The State may prove penetration by circumstantial evidence. Villalon v. State,
791 S.W.2d 130, 133 (Tex. Crim. App. 1990). Evidence of the slightest penetration
is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable
doubt. Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974).
 
C.      Penetration
          Appellant argues that the complainant’s own testimony does not support the
jury’s verdict that penetration occurred. More specifically, appellant states that “[t]he
complainant testified that her clothes remained on the entire time, and she did not
testify that the appellant put his penis inside of her body, nor did she testify that his
penis was inside of her clothing.” 
          The evidence of the videotape introduced during the trial as State’s exhibit
number 4 shows a forensic interviewer asking the complainant about the sexual
assault. During the interview, the complainant described several times how
penetration had occurred. The complainant not only answered questions about the
penetration, but also used anatomically correct dolls to demonstrate the areas affected
and the motions performed. Although there might have been a conflict in the
evidence between the testimony and the videotape, the jury was entitled to believe the
more specific statements of the complainant during the interview, rather than her
vaguer trial testimony. Accordingly, we reject appellant’s legal-sufficiency
challenge.
          Appellant makes no further argument in support of a separate challenge to the
factual sufficiency of the evidence. Because the jury was entitled to resolve any
conflict between the complainant’s testimony and her statements during the
videotaped interview, we hold that the evidence was also factually sufficient to prove
penetration.
          We overrule point of error three.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Publish. See Tex. R. App. P. 47.2(b).