# NO. 12-08-00458-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT L. CLARK,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE CITY OF TYLER, GARY SWINDLE, FRANK BREWER, DESTRY WALSWORTH, BILL GOECKING, MICHAEL MALONE, DARRELL GARDNER, TOMMY WHITWORTH, JOHN BROWN, JEFF RACKLIFF, AND JOHN RAGLAND* *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Robert L. Clark appeals the trial court's summary judgment entered in favor of the City of Tyler, Police Chief Gary Swindle, and Officers Frank Brewer, Destry Walsworth, Bill Goecking, Michael Malone, Darrell Gardner, Tommy Whitworth, John Brown, Jeff Rackliff, and John Ragland (collectively "Appellees").[1]  Clark raises ten issues on appeal.  We affirm.

## BACKGROUND

On May 22, 2006, Clark filed suit against Appellees alleging sixteen causes of action arising from the revocation of his community supervision.  On August 21, 2008, Appellees filed both no evidence and traditional motions for summary judgment. Pursuant to local rule, both motions contained notice that the submission date for the motions was September 22, 2008.

In response, Clark filed a motion to recuse  Judge Jack Skeen as the trial judge in the case.  The sole ground alleged in Clark's recusal motion was that Judge Skeen was "partial and/or bias [sic] in this case" due to his "close and/or working relationship with

---

[1] Clark also sued a number of other governmental entities and individuals.  These defendants were severed from the suit against Appellees prior to this appeal.   We do not consider Clark's issues to the extent they concern these severed entities.

the defendant(s)," resulting from his former position as the district attorney of Smith County, Texas. Judge Skeen entered an order stating the reasons why he would not recuse himself and referred the motion to Judge John Ovard, the regional presiding judge of the First Administrative Judicial Region of Texas. Judge Ovard, without a hearing, signed an order dated October 1, 2008, denying Clark's motion to recuse.

On October 2, 2008, Clark filed his first amended petition. On October 15, 2008, Judge Skeen entered orders granting Appellees' no evidence and traditional motions for summary judgment and a final judgment dismissing Clark's suit. On October 17, 2008, Clark filed a request for leave to respond to the two motions for summary judgment. On October 29, 2008, Clark filed a motion for new trial, which was denied by operation of law. Clark timely filed this appeal.

## SUMMARY JUDGMENT

In his fourth issue, Clark argues that the trial court erred in granting Appellees' no evidence motion for summary judgment. In his fifth issue, Clark contends that the trial court erred in granting Appellees' traditional motion for summary judgment.[2] In his seventh issue, Clark argues that both Appellees' traditional and no evidence motions are insufficient as a matter of law as a result of his filing his First Amended Petition.[3]

### Standard of Review

Because the grant of a summary judgment is a question of law, we review the trial court's summary judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no evidence motion for summary judgment must be granted if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial, and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See* TEX. R. CIV. P. 166(a)(i); *Priddy v. Rawson*, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th Dist.] 2009, pet. denied). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Less than a

---

[2] Clark's fourth and fifth issues partially concern his lack of opportunity to conduct discovery in this suit. To the extent necessary, we will consider this portion of Clark's fourth and fifth issues in conjunction with our consideration of his tenth issue.

[3] We have construed Appellant's statement of issues liberally in the interest of justice. *See, e.g., Harris v. Tex. Dep't Crim. Justice-Institutional Div.*, No. 12-03-00363-CV, 2004 WL 1192541, at *2 n.2 (Tex. App.–Tyler May 28, 2004, no pet.) (mem. op.).

scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair minded people to differ in their conclusions. *Id.*

To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Priddy*, 282 S.W.3d at 592. When reviewing a summary judgment, we "must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824–25 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). When, as here, the trial court grants both the no evidence and traditional motions for summary judgment, we first review the grant of the no evidence summary judgment. *Ridgway*, 135 S.W.3d at 600.

## Failure to Respond to No Evidence Motion for Summary Judgment

In their no evidence motion for summary judgment, Appellees alleged that Clark (1) failed to state a claim for which the City's governmental immunity had been waived and (2) failed to assert a state claim against the officers. Clark did not file a response to Appellees' no evidence motion until October 17, two days after the court entered the order granting their no evidence motion and entering a final judgment dismissing Clark's claims against Appellees.[4]

Texas Rule of Civil Procedure 166a(c) provides as follows:

> The motion for summary judgment shall state the specific grounds therefor. Except on leave of court with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the date of hearing may file and serve opposing affidavits or other written response.

TEX. R. CIV. P. 166a(c). "Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). The date of submission has the same meaning as the day of hearing under Texas Rule of Civil Procedure 166a(c). *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.–Tyler 2005, no

---

[4] No summary judgment evidence accompanied Clark's response.

pet.) (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998)). We do not consider an amended pleading filed without the court's permission after the summary judgment hearing. *Mensa-Wilmot v. Smith Intern., Inc.*, 312 S.W.3d 771, 779 (Tex. App.–Houston [1st Dist.] 2009, no pet.).

As a result, we cannot consider Clark's response to Appellees' no evidence motion. With regard to the first amended petition filed on October 2 that is the basis for Clark's seventh issue, we note that an amendment that is not timely and not allowed by the trial court does not supersede the prior petition. *See id.* at 779–80. Thus, Appellees were not required to amend or supplement their motions to address this claim. *See id.* Because Clark did not timely produce summary judgment evidence raising a genuine issue of material fact, we hold that the trial court properly granted Appellees' no evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i) (trial court must grant no evidence motion for summary judgment unless respondent produces summary judgment evidence raising a genuine issue of material fact). Clark's fourth issue is overruled in part. Clark's seventh issue is overruled with regard to his no evidence motion for summary judgment.[5]

## MOTION TO RECUSE

In his first and third issues, Clark contends that the trial judge took actions that were improper because there had been no hearing on his motion to recuse. In his second issue, Clark argues that the presiding judge abused his discretion by denying his motion to recuse without holding a hearing. In his ninth issue, Clark contends that the presiding judge did not have his trial court's file before him when making his ruling on his motion to recuse.

The Texas Rules of Civil Procedure provide that a judge shall recuse himself in any proceeding in which "his impartiality might reasonably be questioned." TEX. R. CIV. P. 18b(2)(a); *Woodruff v. Wright*, 51 S.W.3d 727, 735–36 (Tex. App.–Texarkana 2001, pet. denied). We review the denial of a motion to recuse for abuse of discretion. *See* TEX. R. CIV. P. 18a(f); *Vickery v. Vickery*, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh'g); *Woodruff*, 51 S.W.3d at 736. The test for abuse of discretion is not whether in the opinion of the reviewing court the facts present an appropriate case for the trial

---

[5] Because we have held that the trial court properly granted Appellees' no evidence motion for summary judgment, we need not reach Clark's fifth issue concerning whether the trial court properly granted Appellees' traditional motion for summary judgment on the issue of limitations.

court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. *Id.* The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge does not demonstrate such an abuse. *Id.*

In Clark's motion to recuse, he contended that the trial judge had developed a close working relationship with Appellees during the time he was the District Attorney for Smith County. Rule 18b(2)(a) states that "[a] judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." TEX. R. CIV. P. 18b(2)(a). Clark's basis for recusal is not valid. *Cf. Keene Corp. v. Rogers*, 863 S.W.2d 168, 172 (Tex. App.–Texarkana 1993, no writ) (trial judge not required to recuse self when his son-in-law was a salaried associate of firm representing party to suit and who had neither financial interest in firm or direct financial interest in outcome of case); *cf. also Liteky v. U.S.*, 510 U.S. 540, 542, 554–56, 114 S. Ct. 1147, 1151, 1157, 127 L. Ed. 2d 474 (1994); *Hathorne v. State,* 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) (fact that trial judge personally prosecuted appellant in past cases does not disqualify him from presiding over trial where new offense is charged).[6] Therefore, even assuming the trial judge in the instant case had worked with Appellees on previous criminal cases, this working relationship alone is not a ground for recusal.

Rule 18a's mandate that a hearing be held on a motion to recuse is not triggered unless the recusal motion states valid grounds for disqualification. *See Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 855 (Tex. App.–Houston [1st Dist.] 1987, writ ref'd, n.r.e.). As set forth above, Clark's grounds for recusal are not valid. Consequently, the presiding judge was not required to hold a hearing on Clark's motion to recuse.

With regard to Clark's contention that the presiding judge did not have the trial court's file before him when he issued his order denying the motion to recuse, we note that we are required to indulge every reasonable presumption in favor of the judgment or order of the trial court. *See Rich v. Olah*, 274 S.W.3d 878, 883 (Tex. App.–Dallas 2008, no pet.). We will indulge no presumption against the validity of a court's order. *Id.*; *see also Yorkshire Ins. Co. Ltd. v. Seger,* 279 S.W.3d 755, 774 (Tex. App.–Amarillo 2007, no pet.). "We will not find recusal appropriate solely on the basis of speculation regarding facts that may or may not have been known by the presiding judge." *Id.* There is no evidence in the record before us that can serve to overcome the presumption that the

---

[6] The procedures for recusal of judges set out in the Texas Rules of Civil Procedure are the same procedures applied in criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).

presiding judge had the complete record before him when he signed the order denying Clark's motion to recuse. Accordingly, we hold that Clark has not demonstrated an abuse of discretion by either Judge Skeen or Judge Ovard related to his recusal motion. Clark's first, second, third, and ninth issues are overruled.

## CONSTITUTIONAL CLAIMS

In his sixth issue, Clark contends that the trial court deprived him of his constitutional protections of procedural due process and substantive due process when it entered the summary judgments against him. We disagree. The failure of a trial court to adhere to a state statutory procedure, such as the Texas Rules of Civil Procedure, is a violation of the statute, not a violation of constitutional rights. *See Chavez v. State*, 91 S.W.3d 797, 800 (Tex. Crim. App. 2002); *see also Whatley v. Philo*, 817 F.2d 19, 21 (5th Cir. 1987) (state official's violation of state law is matter of state law, not federal constitutional law). As such, the trial court did not deprive Clark of the aforementioned constitutional protections by its ruling pursuant to rule 166a(i). Moreover, the trial court's ruling did not violate state law. As set forth in our disposition of Clark's issues four, five, and seven, the trial court properly granted Appellees' no evidence motion for summary judgment. Clark's sixth issue is overruled.

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his eighth issue, Clark contends that the trial court erred in failing to make findings of fact and conclusions of law following the entry of its summary judgments. Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Tarrant Restoration v. Tarrant Arlington Oaks*, 225 S.W.3d 721, 729 (Tex. App.–Dallas 2007, pet. dism'd w.o.j.) (citing *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994)). Therefore, we hold that the trial court did not err in declining to make findings of fact and conclusions of law. Clark's eighth issue is overruled.

## DISCOVERY

In his tenth issue, Clark contends that the trial court erred by not scheduling discovery prior to the entry of its orders on Appellees' motions for summary judgment. When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further

discovery or a verified motion for continuance.  *See Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 252 (Tex. App.–San Antonio 2008, pet. denied).  Here, by his failure to file the required affidavit or a verified motion, Clark has waived his argument regarding the adequacy of time allotted for discovery.  *See Flores v. Flores*, 225 S.W.3d 651, 655 (Tex. App.–El Paso 2006, pet. denied).  Clark's tenth issue is overruled.  To the extent that it relates to his lack of opportunity to conduct discovery, Clark's fourth issue is overruled.

## DISPOSITION

Having overruled Clark's first, second, third, fourth, sixth, seventh, eighth, ninth, and tenth issues, and having not reached Clark's fifth issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)