Ex Parte Lance S. UENO.

No. 05–97–01295–CR.

Court of Appeals of Texas,
Dallas.

Jan. 16, 1998.

Discretionary Review Refused
May 20, 1998.

John D. Nation, Dallas, for appellee.

Kenneth Jefferson Bray, Dallas, for state.

Before THOMAS, C.J., and MOSELEY and ROACH, JJ.

## OPINION

THOMAS, Chief Justice.

■ Lance S. Ueno appeals the denial of the relief sought by his application for writ of habeas corpus by which he raised collateral estoppel as a plea in bar of prosecution of possession with intent to deliver a controlled substance. We conclude that

- the doctrine of collateral estoppel, as embodied in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, necessarily contemplates that an applicant has been previously placed in jeopardy; and
- if an applicant has never been placed in jeopardy, that applicant may not use the

extraordinary writ process to raise federal collateral estoppel complaints.

Because Ueno was never placed in jeopardy, double jeopardy is not implicated in this case and the protections of collateral estoppel do not apply. Accordingly, we overrule Ueno's sole point of error and affirm the trial court's order.

## FACTUAL BACKGROUND

A confidential informant told Dallas police that Ueno was storing and transporting ecstacy[1] tablets in his vehicle, a 1991 Nissan. Based on this information, John Nichols, a police officer who works in the narcotics division, obtained two search warrants. One warrant was signed by Dallas County Magistrate O'Neal on October 19, 1993 (the Dallas County warrant). A second warrant was signed by Denton County Magistrate Robert S. Dohoney on October 22, 1993 (the Denton County warrant). On the afternoon of October 22, 1993, Officer Nichols executed a search warrant on Ueno's vehicle. The officer seized, among other items, twenty baggies, each containing 100 ecstacy tablets. Ueno was arrested and subsequently indicted.

In May 1995, Ueno filed a motion to suppress. The State and Ueno entered a "stipulation of evidence" in which they agreed the trial court could hear the motion by "viewing the search warrant and reading the offense report." The State relied solely on the Dallas County warrant. The trial court ultimately found the warrant invalid and suppressed the drugs.[2] In response, the State dismissed its case.

In October 1995, Nichols learned the case had been dismissed. Realizing the Denton County warrant was an independent basis for the search and arrest, Nichols notified the prosecutors of the second warrant and refiled the case. Ueno was reindicted, with the Denton County warrant serving as the basis for admitting the drugs. Ueno filed a pretrial application for writ of habeas corpus,

---

1. Ecstacy is the common name for N–Hdroxy–3, 4–Methylenedioxyamphetamine, a controlled substance.

2. Our record does not contain an order suppressing the evidence. The docket sheet in the original case, however, reflects the motion was granted on the basis of the invalidity of the search warrant.

contending he was entitled to relief because the issue of probable cause, or the lack thereof, had been finally adjudicated at the first suppression hearing and could not be relitigated. At a combined suppression/writ hearing, the State presented evidence that it was relying solely on the second search warrant. At the conclusion of the hearing, the trial court denied Ueno's requested relief, finding the State was not prohibited from "urging the legality of the instant search and arrest based on the second warrant." This appeal followed.

### COLLATERAL ESTOPPEL/DOUBLE JEOPARDY

■ Habeas corpus is an extraordinary remedy and, consequently, is available only when there is no other adequate remedy at law. *Ex parte Drake,* 883 S.W.2d 213, 215 (Tex.Crim.App.1994). An exception to this rule, however, exists to allow review of an individual's double jeopardy claim. *Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim.App. 1986); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App. [Panel Op.] 1982). The Double Jeopardy Clause of the United States Constitution provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V, cl. 2. It protects against multiple prosecutions or multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex.Crim.App.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995).

■ The doctrine of collateral estoppel is a child of the constitutional protection against double jeopardy. *Ladner v. State,* 780 S.W.2d 247, 250 (Tex.Crim.App.1989). "[E]mbodied in the [F]ifth [A]mendment guarantee against double jeopardy," the doctrine prevents the State from relitigating, in a future lawsuit between the same parties, an issue of ultimate fact that has been determined by a valid and final judgment. *Ashe v. Swenson,* 397 U.S. 436, 443, 445, 90 S.Ct. 1189, 1194, 1197, 25 L.Ed.2d 469 (1970). In other words, the traditional bar of double jeopardy prohibits prosecution of the crime itself while collateral estoppel forbids the

government from relitigating certain facts to establish the fact of the crime. *United States v. Mock,* 604 F.2d 341, 343–44 (5th Cir.1979). The federal doctrine of collateral estoppel is only applied insofar as it is necessary to bar against double jeopardy. *Showery v. Samaniego,* 814 F.2d 200, 203 (5th Cir.1987).

■ There is no due process basis, independent of the double jeopardy clause, for the application of collateral estoppel. *Nichols v. Scott,* 69 F.3d 1255, 1269–70 (5th Cir.1995), *cert. denied,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996); *Showery,* 814 F.2d at 203. Thus, to prevail on a federal collateral estoppel claim, Ueno must show that his complaint would operate to protect him against double jeopardy, which necessarily requires that he was previously placed in jeopardy. *See Ex parte Robinson,* 641 S.W.2d at 556 ("Insofar as the doctrine of collateral estoppel on which he relies is but a corollary of the Double Jeopardy Clause, the fact that he has not been put in jeopardy has significance."); *see also State v. Smiley,* 943 S.W.2d 156, 157 (Tex.App.—Amarillo 1997, no pet.) (collateral estoppel is subset of double jeopardy and has no application unless claimant previously placed in jeopardy) (Quinn, J., opinion).

■ Jeopardy attaches in a jury trial when the jury is empaneled and sworn; in a bench trial in federal court, jeopardy attaches when the judge begins to receive evidence. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). In Texas, jeopardy attaches in a bench trial when the defendant pleads to the indictment. *Ortiz v. State,* 933 S.W.2d 102, 105 (Tex.Crim.App. 1996). The reason for the particular point of attachment is that the double jeopardy prohibition does not apply until a defendant is "'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Ortiz,* 933 S.W.2d at 105, citing *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975).

■ In this case, Ueno has never been "put to trial." The pretrial suppression hearing focused solely on the admissibility of

evidence, and, at the conclusion of that hearing, Ueno did not risk either punishment or a finding of guilt. *Cf. Tharp v. State*, 935 S.W.2d 157, 161 (Tex.Crim.App.1996) (administrative suspension of a driver's license does not amount to "punishment" for the "same offense" for purposes of the Double Jeopardy Clause of the Fifth Amendment); *Ex parte Robinson*, 641 S.W.2d at 556 (appellant not put in jeopardy by being given examining trial); *Ex parte Lane*, 806 S.W.2d 336, 340 (Tex.App.—Fort Worth 1991, no pet.) (declining to extend collateral estoppel to bar prosecution because, among other things, prior bail hearing not used as, nor intended to be used as, punishment). Although we acknowledge that the State ultimately dismissed the prosecution because the evidence was suppressed, this fact does not transform the first suppression hearing into a jeopardy-attaching event. Because jeopardy never attached, double jeopardy is not implicated. Therefore, the federal doctrine of collateral estoppel provides no relief to Ueno, and the trial court properly denied the relief requested in his application for writ of habeas corpus. We overrule Ueno's sole point of error.

We affirm the trial court's order.