**Jose Adolfo PONCE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–98–01434–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 2001.

Discretionary Review Refused Feb. 13, 2002.

**2.** *Id.* 46 S.W.3d at 875–76.

Joe Roach, Polland & Cook, Houston, for appellant.

S. Elaine Roch, Houston, for state.

Panel consists of Justices SEARS, DRAUGHN, and HUTSON–DUNN.*

## OPINION

JOE L. DRAUGHN, Justice, (Assigned).

A jury convicted appellant of aggravated robbery, and the trial court sentenced him to thirty-five years in the Texas Department of Criminal Justice, Institutional Division. On appeal, he brings six points of error, complaining of the improper replacement of a juror and of his alleged tainted identification from a photographic lineup. In his first four points, he contends replacing a juror with an alternate after the jury was charged (1) deprived him of his right to trial by jury pursuant to Article V, section 13 of the Texas Constitution; (2) violated sections 33.011 and 36.029 of the Texas Code of Criminal Procedure; (3) required the trial court to grant his motion for new trial; and, (4) required the trial court to grant his motion for mistrial. In his fifth and sixth points of error appellant contends the failure to suppress the identification violated federal due process and state due course of law.

### Factual Summary

On September 11, 1997, appellant approached the complainant's door with a pile of magazines, perhaps including a few books. He knocked, and stated he was delivering them for her husband. She accepted the magazines, which bore his fingerprints, and went back in the house. She was holding her three-year-old son when the appellant and another man also

---

* Senior Justices Ross A. Sears, Joe L. Draughn, and D. Camille Hutson–Dunn sitting by assignment.

entered her house. One of them held a gun.

An officer translated her account of what occurred. The police report only stated that $100 was taken, along with her purse and her telephone. At trial, however, she testified she had led the robbers to $8,000, saved over five years, in a drawer.

Her husband, known to lend money, had worked for appellant's father, and suspected he was the culprit. He took his wife to appellant's house, where she viewed him. She later identified him from a picture lineup. When appellant moved to suppress the identification, she testified she identified him from her memory of the robbery transaction, not later events. The court refused to suppress her identification.

After the verdict, the trial court polled the jury. One juror who had been charged was absent, and it became apparent the alternate juror had served in his place. After an off-record bench conference, the court continued polling the jury, including the alternate, and then excused the jury.

*Analysis*

*Right to Trial by Jury of Twelve*

In Texas, our Constitution requires a jury of twelve for cases tried in district courts, but provides for the Legislature to authorize verdicts by less than twelve. *See* TEX. CONST. Art. V, § 13. The constitution leaves the manner in which juries are selected to the legislatures. Article 36.29 of the Texas Code of Criminal Procedure states in sections (a), (c) and (d):

**Art. 36.29. If a juror becomes ill**

(a) Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, **one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury,** the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

. . . .

(c) **After the charge of the court is read to the jury, if** any one of them becomes so sick as to prevent the continuance of his duty, or **any accident of circumstance occurs to prevent their being kept together under circumstances under which the law or the instructions of the court requires that they be kept together, the jury shall be discharged,** except that on agreement on the record by the defendant, the defendant's counsel, and the attorney representing the state 11 members of a jury may render a verdict and, if punishment is to be assessed by the jury, assess punishment. If a verdict is rendered by less than the whole number of the jury, each member of the jury shall sign the verdict.

(d) **After the charge of the court is read to the jury, the court shall discharge an alternate juror who has not replaced a juror.**

TEX.CODE CRIM.PROC.ANN. Art. 36.29 (Vernon 1981 & Supp.2000) (emphasis added). The provision of the Texas Code of Criminal Procedure for alternate jurors states in pertinent part:

**Art. 33.011. Alternate jurors**

(b) Alternate jurors in the order in which they are called shall replace jurors who, **prior to the time the jury retires to consider its verdict,** become or are found to be **unable or disqualified to perform their duties. Alter-**

nate jurors shall be drawn and selected in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and **shall have the same functions, powers, facilities, security, and privileges as regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.**

TEX.CODE CRIM. PROC. ANN. Art. 33.011 (Vernon 1981 & Supp.2000) (emphasis added).

The discrepancy between these sections regarding when to discharge an alternate juror can be reconciled without conflict. The jury retires to render its verdict after it is charged. No procedural step is necessary to advance the case during this interim. Thus, discharging the alternates before the jury retires would be, at worst, harmless error. Discharging alternates after the jury retires complies with both statutes. Since the trial court in this case placed the alternate on the jury before the jury retired, the alternate did not lose his ability to exercise the same functions and powers as any other juror. The issue, therefore, is in failing to follow the method of constituting the jury set by the legislature, not in failing to provide a twelve-person jury. *See Hegar v. State,* 11 S.W.3d 290, 295 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (treating improper disqualification and replacement with alternate before jury charge as an issue of jury selection, not a constitutional error).

■ Nevertheless, we agree with appellant that the trial court abused its discretion by excusing a juror without any showing of illness or disability. *Jones v. State,* 982 S.W.2d 386, 388 (Tex.Crim.App. 1998) (stating that an abuse of discretion standard applies to error in selecting jury). The Texas Court of Criminal Appeals has noted that the language of article 36.29 of the Texas Code of Criminal Procedure and the cases applying it make clear the Legislature's intent to limit the Article's application to those cases where the juror was physically or mentally impaired in some way which hindered his ability to perform his duty as a juror. *Brooks v. State,* 990 S.W.2d 278, 286 (Tex.Crim.App.1999), *cert. denied,* 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999). The determination as to whether a juror is disabled is within the discretion of the trial court. *Id.* Absent an abuse of that discretion, no reversible error will be found. *Id.* There is no presumption from a silent record that a juror was properly excused. *Valdez v. State,* 952 S.W.2d 622, 624 (Tex.App.—Houston [14th Dist.] 1997, pet ref'd).

■ However, the error does not automatically mandate reversal. The defendant must also appropriately and timely object. Here, we find the error was waived. The appellant must show that he preserved the error by timely objecting and moving for a mistrial. To be timely, an objection must be made at the first opportunity. *Stevens v. State,* 671 S.W.2d 517, 521 (Tex.Crim.App.1984). The record shows that an off-record bench conference followed defense counsel's discovery that an alternate served on the jury. There was an opportunity to object or move for a mistrial before the jury finished returning its verdict. However, defense counsel made no objection or motion regarding the matter until three days after the jury was discharged. An objection and motion for mistrial made after the jury has returned a guilty verdict, and the jury is discharged, is not a timely request. *Coleman v. State,* 825 S.W.2d 735, 737 (Tex.App.—Dallas 1992, no pet.).

■■ Texas Rule of Appellate Procedure 44.2(b) provides that any non-constitutional "error, defect, irregularity, or var-

722

iance that does not affect substantial rights must be disregarded." TEX.R.APP. P. 44.2(b). As the error only involves failure to follow the statutory scheme, it is not of constitutional dimension. *Jones v. State,* 982 S.W.2d 386, 391 (Tex.Crim.App. 1998). It is appellant's burden to show that his substantial rights have been affected. *See Merritt v. State,* 982 S.W.2d 634, 637 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd, untimely filed). The record does not reflect any taint upon the alternate juror who served. The alternate heard the case and the court's charge. The alternate was placed on the jury before it retired, and had the same functions and powers as any other juror. Thus, there is no merit in the contention the jury did not fulfill the constitutional function of a twelve-person jury. Appellant waived the error by failing to timely object, and there was no more harmful effect than if the excused juror had been ill or disabled before the court's charge.

Accordingly, points one through four are overruled.

### Identification

The trial court found officers had not suggested identification of appellant, and found the complainant's identification to be based upon the events that occurred when appellant robbed her. She saw him at arm's length when she accepted the magazines, and at similarly close range when she retrieved her family's savings for him at gun point. We do not find clear and convincing evidence in the record that her identification of the appellant is unreliable. *See Herrera v. State,* 682 S.W.2d 313, 318 (Tex.Crim.App.1984). Points five and six are overruled.

The judgment of the trial court is affirmed.