Opinion to: SJR TGT TJ EVK ERA GCH LCH JB JS













Opinion issued April 14, 2011.  

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00932-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



COURTNEY JAY SCALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1145246 

 

 



MEMORANDUM OPINION

In light of the petition for discretionary
review filed by appellee, we withdraw our previous
opinion of December 20, 2010.  Our judgment
of the same date remains unchanged.  We
substitute the following opinion in its stead. 
See Tex. R. App. P. 50.  

A jury found appellant, Courtney Jay
Scales, guilty of aggravated robbery and assessed his punishment at 20 years
confinement.[1] 
In two points of error, appellant asserts that the trial court abused
its discretion when it dismissed a juror during deliberations, and that he
received ineffective assistance of counsel. 
We reverse and remand for a new trial.

Facts

During a brief recess at
guilt/innocence deliberations, the judge received a note from jury foreman Jim
O’Neil which read: “We have one juror who refuses to deliberate this case any further nor take the facts, testimony, of this case into
account.  I request she be removed from
the jury.”  Outside the presence of the
jury, the foreman was sworn and questioned by the judge regarding the “one
juror.”

After the jury foreman left the
courtroom, defense counsel requested that the judge take the juror, later
determined to be Regina Collins, on voir dire to make
his own first-person inquiry as to the foreman’s claim.  The judge refused to do so but then summoned
the jury foreman back for additional questioning.

Following this second exchange with
the jury foreman, and with no first-person examination of juror Collins
herself, the judge dismissed Collins and seated an alternate juror.  After seating the alternate juror, the judge
summoned Collins and had some sort of discussion with her, the substance of
which is unknown because the Court made no record of it.  Once Collins departed from the courtroom, the
judge dictated a statement on the record that
noted his dismissal of juror Collins was “because she was unable to
deliberate.”          

Within thirty minutes of seating the
alternate juror, the jury returned a guilty verdict for appellant.  No motion for new trial was filed.

Improper
Dismissal of a Juror

Appellant’s first point of error contends that the trial
court abused its discretion in dismissing Collins and replacing her with an alternate
because Collins had participated in deliberations and reached a decision
contrary to her fellow jurors.  Appellant
further contends that because Collins’ dismissal apparently stemmed from her
view of the sufficiency of the
evidence, her dismissal deprived him of his constitutional right to a unanimous
jury verdict.  See Tex.
Const. art.
V, § 13; see also Ngo v. State, 175 S.W.3d 738, 745
(Tex. Crim. App. 2005) (stating Texas Constitution requires jury unanimity in
felony cases); see generally United States v. Thomas, 116 F.3d 606,
621 (2nd Cir. 1997) (“to remove a juror because he is unpersuaded
by the Government’s case is to deny the defendant his right to a unanimous
verdict”).

Under Texas Code of Criminal Procedure Article 33.011,
a trial court may seat an alternate juror to “replace jurors who, prior to the
time the jury renders a verdict on guilt or innocence of the defendant and, if
applicable, the amount of punishment, become or are found to be unable or
disqualified to perform their duties.”  Tex. Code Crim. Proc. art. 33.011(b) (Vernon Supp. 2010).  A trial court, however, may not
dismiss a juror under this provision without a finding—supported by the
evidence—that the juror was either unable to serve or disqualified from
serving.  See id.; see also Beaumont
Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991) (trial court abuses its discretion if it rules without
supporting evidence).  There is no
presumption from a silent record that a juror was properly dismissed.  See Valdez v. State, 952 S.W.2d 622, 624 (Tex.
App.—Houston [14th Dist.] 1997, writ ref’d).  

As it comes to us, the record contains both a fairly labored
two-part voir dire by the judge of the jury foreman
and, subsequent to an unrecorded conversation with the dismissed juror, a
statement by the judge documenting his action to dismiss juror Collins and seat
an alternate juror.  The record
demonstrates that the evidence before the trial court was not sufficiently
developed for the trial court to have been able to determine that Collins was
either unable or disqualified from serving on the jury.  The only testimony presented to the trial
court was that of the jury foreman—the person requesting Collins’ removal.  Although she was present at the courthouse
and available to testify, Collins—the person in the best position to explain
her conduct to the court—was never questioned prior to her dismissal.  Had the trial court questioned Collins on the
record prior to her dismissal, as appellant’s counsel suggested, the judge
likely would have been able to gather a sufficient amount of evidence which
would have enabled him to determine whether Collins was actually unable to
serve or disqualified from serving under the statute.  Cf.
Hodge v. State, 896 S.W.2d 340, 342–43 (Tex. App.—Amarillo 1995, pet. ref’d) (trial court’s questioning of juror who was
concerned about his mastery of English language showed juror was not subject to
disqualification under literacy requirements). 
Under these
circumstances, we cannot say that the trial court was within its discretion to
remove Collins based upon such an insufficient record.

Furthermore,
although the evidence in the record is insufficient to establish whether
Collins was subject to dismissal under the statute, the foreman’s testimony was
sufficient to demonstrate that there was—at the very least—a reasonable
possibility that his request to remove Collins was due to Collins’ view of the
merits of the case.  The foreman admitted that Collins,
who had “taken the facts and law into account and made up her mind,” was
impeding the deliberative process by refusing to “talk about her side of the case” and refusing to
take the testimony relied upon by the other jurors into consideration.  Thus, at a minimum, the foreman’s testimony
suggests that Collins’ alleged refusal to deliberate could have stemmed from her
view of the sufficiency of the evidence.

Under these circumstances, we cannot
say that the trial court was within its discretion to remove Collins based upon
such an insufficient record, particularly in light of the foreman’s testimony which suggested that
Collins may have been targeted for removal due to, at least in part, her views
of the evidence.  Cf. United States v. Edwards, 303 F.3d 606, 631 (5th Cir. 2002) (stating
“a court may not dismiss a juror based upon its conclusion that
the juror is failing to
participate in the deliberative process in accordance with law unless there is
no possibility that the juror’s
problem stems from his view of the sufficiency
of the evidence”) (citing United States v. Symington, 195 F.3d
1080, 1087 (9th Cir. 1999); Thomas,
116 F.3d at 622–23; United States v. Brown, 823 F.2d 591, 596 (D.C. Cir.
1987)).  Not only did the trial court’s
dismissal of Collins fail to comply with the statutory requirements of article
33.011, but, more importantly, Collins’ dismissal also deprived appellant of his constitutional right to a unanimous jury
verdict.

Having
determined that the court abused its discretion in dismissing Collins and
replacing her with an alternate juror, we must now consider whether the error
requires reversal of this trial.  See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim.
App. 1997) (holding that all errors, except certain federal constitutional
errors labeled as “structural” by United States Supreme
Court, are subject to harm analysis).  Since Collins’ dismissal deprived appellant of his constitutional
right to a unanimous jury verdict, the error in this case is constitutional in
nature and therefore, subject to analysis under Texas Rule of Appellate
Procedure 44.2(a).  See McClellan v. State, 143 S.W.3d 395,
400–01 (Tex. App.—Austin 2004, no pet.) (applying constitutional harm analysis
to trial court’s erroneous dismissal of juror; stating “[t]hat
the legislature codified [the right to a twelve-person jury] does not transform
it into a statutory, non-constitutional right, and the issue here is not a
violation of  [Texas
Code of Criminal Procedure Article 36.29], but rather of the Texas Constitution”);
Rivera v. State, 12  S.W.3d 572, 579 (Tex. App.—San Antonio 2000,
no pet.) (applying constitutional harm analysis to
trial court’s erroneous dismissal of juror when dismissal violated appellant’s
constitutional right).  The State cites
to several cases for the proposition that the error in this case is
non-constitutional and therefore, subject to analysis under Texas Rule of Appellate Procedure 44.2(b).  See
Chavez v. State, 91 S.W.3d 797
(Tex. Crim. App. 2002); Sneed v. State, 209 S.W.3d 782 (Tex.
App.—Texarkana 2006, pet. ref’d); Ponce v. State, 68 S.W.3d 718 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d); Bina v. State, No. 01-06-00557-CR, 2008 WL
256897 (Tex. App.—Houston [1st Dist.] Aug. 20, 2008, pet.
ref’d) (mem.
op.). 
Chavez, Sneed, Ponce, and Bina[2] are,
however, distinguishable from the present case because in each of those cases, the reviewing court determined that the
error involved the violation of a purely
statutory right, not a constitutional one.  See Chavez, 91 S.W.3d at 801 (applying non-constitutional harm
analysis because appellant complained of violation of statute detailing juror
replacement procedure, not violation of his constitutional rights;
distinguishing Rivera on this basis).


Because the error in this case is
constitutional, we must reverse unless we determine beyond a reasonable doubt
that the error did not contribute to the conviction.  Tex. R.
App. P. 44.2(a); McQuarters
v. State, 58 S.W.3d 250, 258 (Tex. App.—Fort Worth 2001, pet. ref’d).  Given the fact that the evidence in the
record indicates that there is a reasonable possibility that the jury foreman’s
request to remove Collins stemmed from Collins’ view of the sufficiency
of the evidence, we simply cannot determine—much less beyond a
reasonable doubt—that Collins’ erroneous removal did not contribute to appellant’s
conviction.

Accordingly, we sustain appellant’s
first point of error.  Having done so, we
need not address appellant’s second point of error.

CONCLUSION

We reverse the judgment of the trial court and
remand the case for a new trial.  

 

                                                          Jim
Sharp

                                                          Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do not
publish.  Tex. R. App. P. 47.2(b).

 











[1]           Tex. Penal Code Ann. § 29.03(a)(2), (b) (Vernon  2003).  





[2]           Although this Court included a harm analysis in Bina, that portion of the opinion is not binding
precedent.  See Bina v. State, No. 01-06-00557-CR, 2008 WL
256897, *3 (Tex. App.—Houston [1st Dist.] Aug. 20, 2008, pet.
ref’d) (mem.
op.) (finding no error in trial court’s dismissal of
juror under Texas Code of Criminal Procedure Article 36.29; stating in dicta
that error in application of article 36.29 is non-constitutional error).