AFFIRM and Opinion Filed this 26th day of March, 2013.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00312-CR
No. 05-11-00313-CR
No. 05-11-00314-CR

## CARLOS MARIO DELAROSA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 416-80340-11, 416-81543-09, 416-81544-09

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Carlos Mario Delarosa appeals from convictions of evading arrest, possession with the intent to deliver cocaine, and three counts of aggravated assault with a deadly weapon. In his sole issue on appeal, Delarosa contends the trial court erred by determining that a juror who was no longer a Collin County resident was disabled and replacing that juror with the alternate juror. We decide against Delarosa on this issue and affirm the trial court's judgment. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. See TEX. R. APP. P. 47.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

After the close of evidence, but before the jury was charged, the trial court held a hearing outside the presence of the jury and informed the parties that a bailiff in charge of the jury received information from one juror that another juror, Joshua Roundy, no longer lived in Collin County. The juror information sheet reflected juror Roundy had a post office box in Collin County, but did not include a physical address. The trial judge then called in juror Roundy to ask him whether he was a resident of Collin County. Juror Roundy informed the trial judge that he had left Collin County nine months prior to the trial, presently lived in Denton County, and had no plans to return to Collin County. After asking juror Roundy to wait outside the courtroom, the trial court stated he was "disqualified, considering–from serving on this jury and fits the definition of disabled" in the Texas Code of Criminal Procedure. The defense counsel objected as follows.

> DEFENSE COUNSEL: I don't think that's the kind of disability that the Code is talking about. I think in terms of such things as mental or physical disability, not– not circumstances that we now discover he's disqualified, like, for example, what if he's been convicted of theft, for example, which would be a disqualification. I don't think that–I don't think it's–I don't think that's the kind of disqualification we're talking about, because he was never qualified. It's not that he's become disabled in some fashion. He was–he was never qualified to have put on the jury.

> THE COURT: All right. Your objection is overruled. The Court is going to excuse the juror and seat the alternate juror.

After the trial court excused juror Roundy and seated the alternate juror, the jury found Delarosa guilty as charged on all charges and sentenced him to two years in a state jail facility and a $10,000 fine for evading arrest, sixty years' imprisonment and a $100,000 fine for possession with intent to deliver cocaine, life imprisonment and a $10,000 fine each for two of the three counts of aggravated assault, and twenty years' imprisonment and a $10,000 fine for

2

the third count of aggravated assault. Delarosa argues on appeal that the trial judge erred in finding juror Roundy disabled and should not have removed him.

## II. STANDARD OF REVIEW & APPLICABLE LAW

A trial court's error in discharging a juror involves the failure to follow a statutory scheme; it is not of constitutional dimension. *See Sneed v. State*, 209 S.W.3d 782, 788 (Tex. App.–Texarkana 2006, pet. ref'd); *Ponce v. State*, 68 S.W.3d 718, 721-22 (Tex. App.–Houston [14th Dist.] 2001, pet ref'd). Texas Rule of Appellate Procedure 44.2(b) provides that an appellate court must disregard a non-constitutional error that does not affect a defendant's substantial rights. TEX. R. APP. P. 44.2(b); *see also Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 721-22. A defendant is not harmed by the trial court's error in discharging a juror where: (1) the record shows the alternate juror seated in the discharged juror's place was subjected to the same selection process, properly sworn, heard all of the evidence, heard the trial court's charge, and seated before the jury retired; and (2) the record does not show any taint from the alternate juror seated in the discharged juror's place. *See Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 722.

## III. APPLICATION OF LAW TO FACTS

Delarosa argues the trial court erred "by determining that a juror who no longer lived in Collin County was disabled" and by replacing that juror with an alternate. He contends "[t]he applicable statute dealing with issues surrounding removal of a sitting juror because of death or disability" is article 36.29, which provides that if a juror becomes disabled from sitting after the jury is impaneled and sworn, the remaining eleven jurors have the power to render the verdict. *See* TEX. CODE CRIM. PROC. art. 36.29(a). According to Delarosa, juror Roundy was not dead or disabled within the meaning of article 36.29, "but would at most have been subject to

3

disqualification for not being a Collin County resident" and should not have been removed over Delarosa's objection.

The State responds that the trial court properly found juror Roundy was disqualified to serve on the jury because he did not meet the residency requirement in article 35.16. *See* TEX. CODE CRIM. PROC. art. 35.16(a)(1); *Mayo v. State*, 4 S.W.3d 9, 11 (Tex. Crim. App. 1999) (holding that article 35.16(a)(1) "provides that a venireperson who does not live in the county is subject to challenge" and that "county citizenship is a part of the Article 35.16 requirement that a person be a qualified voter in the county under the constitution and laws of this state in order to be fit to serve as a juror.") (citations omitted). The State contends the procedure in article 36.29 relied upon by Delarosa "does not address the situation faced by the trial court here, that of replacing a disqualified juror with an alternate." According to the State, article 33.011 "contains the procedure for removal of both a disabled and a disqualified juror and authorizes substitution with a qualified alternate." *See* TEX. CODE CRIM. PROC. art. 33.011.

The record shows the alternate juror was subjected to the same selection process as the other jurors, was properly sworn, and heard all of the evidence and the trial court's charge. The alternate juror was seated in place of the discharged juror after the close of evidence, but before the jury retired. The record does not show any taint from the alternate juror. Even assuming, without deciding, the trial court erred by removing juror Roundy, Delarosa has not complained of any harm suffered from the replacement of the disqualified juror with the alternate juror, and no harm is evident from the record. Accordingly, we conclude Delarosa was not harmed by the trial judge's alleged error because it did not affect Delarosa's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 722. We decide against Delarosa on his sole issue.

4

## IV. CONCLUSION

The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
Tex. R. App. P. 47
110312F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS MARIO DELAROSA, Appellant

No. 05-11-00312-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-80340-11.
Opinion delivered by Justice Lang.   Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of March, 2013.


DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS MARIO DELAROSA, Appellant

No. 05-11-00313-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81543-09.
Opinion delivered by Justice Lang. Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of March, 2013.

DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS MARIO DELAROSA, Appellant

No. 05-11-00314-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81544-09.
Opinion delivered by Justice Lang.  Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of March, 2013.

DOUGLAS S. LANG
JUSTICE