**AFFIRMED; Opinion Filed April 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00365-CR
### No. 05-15-01302-CR

**MARK ANGELO GUAJARDO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1372357-U & F-1471086-U**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Stoddart

Mark Angelo Guajardo was convicted of five offenses in a single proceeding. Two of those cases, both convictions for aggravated robbery with a deadly weapon, are the subject of this appeal. In one case, the jury sentenced Guajardo to twenty years' incarceration and a fine; in the other case, he was sentenced to twenty-seven years' incarceration and a fine. The sentences run concurrently. In two issues, Guajardo argues the trial court violated the double jeopardy clause of the United States Constitution and the trial court erred by seating an alternate juror without determining on the record that a seated juror was disabled. We affirm the trial court's judgments.

On February 4, 2015, Guajardo appeared before the trial court. The court reviewed the charges against him in all five cause numbers and told Guajardo that each case carried a range of

punishment between five and ninety-nine years' incarceration or life in prison. The court also told him that he had an "absolute right to a jury trial, and it's my understanding that you want to waive and give up the right to a jury trial in the guilt/innocence portion but proceed with a jury as far as your sentence goes." Guajardo confirmed this process was correct. Guajardo's counsel informed the court that appellant was pleading guilty, which Guajardo confirmed. The trial court admitted a written judicial confession for each offense. Near the end of the proceeding, the trial judge said:

> Mr. Guajardo, I will accept your plea in each of these cases of guilty. We will withhold sentencing for a slow plea on March the 2nd to a jury. So the evidence is sufficient to find you guilty of the offense of burglary of a habitation, three counts of aggravated robbery, and one count of aggravated kidnapping, and we'll do sentencing to the jury on March 2nd.

On the first day of trial, the State read the five indictments and Guajardo pleaded guilty to each. The court's jury charges informed the jury that Guajardo pleaded guilty and instructed the jury to find him guilty as charged. Guajardo's counsel did not object to the charges, and the jury found appellant guilty on all five counts. The trial court's judgments reflect that a jury convicted Guajardo after he entered guilty pleas. The proceedings moved to the punishment phase and the jury assessed punishment for each offense.

In his first issue, Guajardo asserts the trial court erred by impaneling a jury to determine punishment because jeopardy attached at the February hearing. He states the "district court did not find appellant guilty but found the evidence sufficient to prove his guilt. Under Texas law, jeopardy attached when appellant entered his plea." Therefore, he argues, the judge should have received evidence relevant to punishment and the "subsequent impaneling of a jury to assess his penalty was a double jeopardy violation." In response, the State argues Guajardo failed to preserve the issue for appeal and, even if he had, the proceedings did not violate the double jeopardy clause. Guajardo did not raise his double jeopardy objection at the trial court.

A double jeopardy claim may be raised for the first time on appeal if the undisputed facts show the double-jeopardy violation is clearly apparent from the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Rowe v. State*, No. 05-02-01516-CR, 2004 WL 1050693, at *1 (Tex. App.—Dallas May 11, 2004, no pet.) (not designated for publication). A double-jeopardy claim is apparent on the face of the trial record if we can resolve the claim without further evidentiary proceedings. *See Ex parte Denton*, 399 S.W.3d at 544. Because Guajardo brought a complete record on appeal, we can resolve his double-jeopardy argument without any further evidentiary proceedings. *See id*.

There are three types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Id.* at 545; *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). Guajardo asserts he was subject to a second prosecution for the same offenses after conviction. For Guajardo to have been placed in double jeopardy at the March proceeding, he must have been put in jeopardy at an earlier proceeding.

To resolve Guajardo's first issue we must determine whether jeopardy attached during the February proceeding such that empaneling a jury in March could have subjected him to double jeopardy. To make that determination, we must establish who, the judge or the jury, acted as the finder of fact and had the authority to find Guajardo guilty of the offenses charged.

In the absence of an effective jury waiver, a defendant in a felony case can only be convicted on a jury's verdict. The code of criminal procedure states that "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14." Tex. Code Crim. Proc. Ann. art. 1.15; *see*

*also* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (the waiver of the right of trial by jury "must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state."). A trial court in a felony case cannot serve as the fact finder unless the procedures of article 1.13 have been satisfied. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a); *see also State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1993) (per curiuam) (court lacks discretion to serve as fact finder in trial of misdemeanor case absent consent and approval of the State to defendant's waiver of jury trial as prescribed by article 1.13(a)).

In a jury trial where the jury acts as the fact finder, jeopardy attaches when the jury is empaneled and sworn. *See Pierson v. State*, 426 S.W.3d 763, 769 (Tex. Crim. App. 2014) ("In cases tried before a jury, a defendant is placed in jeopardy when the jury is empaneled and sworn. . ."). However, in a bench trial where the judge acts as the finder of fact, jeopardy attaches when a defendant pleads to the charging instrument and the trial court accepts the plea. *See Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996); *Ex parte Ueno*, 971 S.W.2d 560, 562 (Tex. App.—Dallas 1998, pet. ref'd). The rational for these points of attachment is that jeopardy does not attach until a defendant is "put to trial before the trier of fact, whether the trier be a jury or a judge." *Ortiz*, 933 S.W.2d at 105 (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)). Guajardo's argument that he was subjected to double jeopardy requires that we conclude the trial court conducted a bench trial in February and, acting as the finder of fact, accepted his plea of guilty.

It is uncontested that our appellate record does not include an effective jury waiver.[1] Therefore, Guajardo could only be convicted on a jury's verdict. *See* TEX. CODE CRIM. PROC.

---

[1] We acknowledge the judge told Guajardo in the February hearing that Guajardo had an "absolute right to a jury trial, and it's my understanding that you want to waive and give up the right to a jury trial in the guilt/innocence portion but proceed with a jury as far as your

ANN. art. 1.15. This case could not have been a bench trial and the trial court could not have acted as the fact finder because Guajardo did not waive his right to a jury in accordance with the code of criminal procedure. *See State v. Fisher*, 212 S.W.3d 378, 380-82 (Tex. App.—Austin 2006, pet. ref'd) (because State did not agree to jury waiver, court lacked authority to adjudicate defendant's guilt). Therefore, Guajardo was not put to jeopardy at the February hearing.

Although Guajardo argues he pleaded guilty before the trial court and the trial court accepted his plea, he also acknowledges the trial court did not find him guilty. The trial court lacked the authority to do so because without a valid jury waiver, only a jury had the authority to find him guilty. And the jury did so during Guajardo's trial in March. The trial court's judgments in the record support this conclusion by reflecting that a jury convicted Guajardo after he entered guilty pleas.

We also note that when, as here, a defendant pleads guilty to a felony and the punishment is not absolutely fixed by law, "a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon. . ." unless the defendant waives his right to a jury trial. TEX. CODE CRIM. PROC. ANN. art. 26.14. "This statute makes a jury trial on punishment the default option for a defendant who pleads guilty in a felony case." *See In re State ex rel. Tharp*, 393 S.W.3d 751, 754-55 (Tex. Crim. App. 2012).

The punishment for each offense to which Guajardo pleaded guilty was not absolutely fixed by law, and Guajardo did not waive his right to a jury trial. Therefore, the trial court was required to empanel a jury to assess Guajardo's punishment, which it did. Yet on appeal, Guajardo argues the judge should have determined his punishment and he requests that we

---

sentence goes," and Guajardo confirmed this process was correct. However, this exchange between the trial judge and Guajardo did not effectuate a proper waiver of Guajardo's right to a jury. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13, 1.15.

remand these cases to the trial court for new punishment proceedings. Guajardo does not explain how the judge could assess his punishment in the absence of a jury waiver.

Based on this record, it is apparent that jeopardy did not attach when the trial court heard Guajardo's plea. Because Guajardo was not put in jeopardy in February, he did not face double jeopardy when the proceedings resumed in March. Accordingly, we cannot conclude Guajardo met his burden to show a double jeopardy violation is clearly apparent on the face of this record. We overrule Guajardo's first issue.

In his second issue, appellant argues the trial court erred by seating an alternate juror without determining on the record that a seated juror was disabled. Appellant asserts the trial court failed to comply with article 33.011(b) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 33.011(b). On the second day of trial, the trial court began the proceedings by stating: "Mr. Hicks, as you can see you are now part of the jury. Welcome. Ms. Ritchie was feeling under the weather this morning."

Guajardo did not object to an alternate juror being seated or to the trial court's failure to explain the original juror's absence on the record beyond that she "was feeling under the weather this morning." To preserve this complaint for appeal, appellant was required to make a timely objection. *See* TEX. R. APP. P. 33.1(a); *see generally Trinidad v. State,* 312 S.W.3d 23, 29 (Tex. Crim. App. 2010) (because appellants had an opportunity to object to the trial court's failure to comply with mandatory procedural requirement, but failed to object, appellants "procedurally defaulted their statutory arguments on appeal"); *Bolton v. State*, No. 06-11-00268-CR, 2012 WL 5507404, at *5 (Tex. App.—Texarkana Nov. 14, 2012, pet. ref'd) (mem. op., not designated for publication). Because appellant did not timely object, we conclude he has not preserved his second issue for review.

Even if Guajardo had preserved his second issue, we would conclude he was not harmed. A trial court's error in discharging a juror involves the failure to follow a statutory scheme; it is not of constitutional dimension. *Delarosa v. State*, No. 05-1 1-00313-CR, 2013 WL 1838643, at *1 (Tex. App.—Dallas Mar. 26, 2013, no pet.) (mem. op., not designated for publication) (citing *Sneed v. State*, 209 S.W.3d 782, 788 (Tex. App.—Texarkana 2006, pet. ref'd); *Ponce v. State*, 68 S.W.3d 718, 721–22 (Tex. App.—Houston [14th Dist.] 2001, pet ref'd)). Texas Rule of Appellate Procedure 44.2(b) provides that an appellate court must disregard a non-constitutional error that does not affect a defendant's substantial rights. TEX. R. APP. P. 44.2(b); *see also Delarosa*, 2013 WL 1838643, at *1 (citing *Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 721–22). A defendant is not harmed by the trial court's error in discharging a juror where: (1) the record shows the alternate juror seated in the discharged juror's place was subjected to the same selection process, properly sworn, heard all of the evidence, heard the trial court's charge, and seated before the jury retired; and (2) the record does not show any taint from the alternate juror seated in the discharged juror's place. *Delarosa*, 2013 WL 1838643, at *1 (citing *Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 722).

The record shows the alternate juror was subjected to the same selection process as the other jurors, was properly sworn, and heard all of the evidence and the trial court's charge. The alternate juror was seated in place of the discharged juror on the second day of the proceedings and before the jury retired. The record does not show any taint from the alternate juror. Even assuming, without deciding, the trial court erred by removing the juror who was "under the weather," appellant has not complained of any harm suffered from the replacement of the disqualified juror with the alternate juror, and no harm is evident from the record. Accordingly, we conclude Guajardo was not harmed by the trial judge's alleged error because it did not affect

his substantial rights.  *See* TEX. R. APP. P. 44.2(b); *Delarosa*, 2013 WL 1838643, at *1 (citing *Sneed*, 209 S.W.3d at 788; *Ponce*, 68 S.W.3d at 722).  We overrule appellant's second issue.

We affirm the trial court's judgments.


<u>/Craig Stoddart/</u>
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
150365F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK ANGELO GUAJARDO, Appellant

No. 05-15-00365-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1372357-U.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of April, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK ANGELO GUAJARDO, Appellant

No. 05-15-01302-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1471086-U.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 20th day of April, 2016.